241 N.J. Super. 259 (1990)
574 A.2d 1014
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
THOMAS J. PICKETT, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted April 9, 1990.
Decided May 29, 1990.
*261 Before Judges J.H. COLEMAN, BRODY and SKILLMAN.
Thomas S. Smith, Jr., Acting Public Defender, attorney for appellant (Jon S. Pascale, Designated Counsel, of counsel and on the brief).
Ronald S. Fava, Prosecutor of Passaic County, attorney for respondent (Gary H. Schlyen, of counsel and on the brief).
The opinion of the court was delivered by COLEMAN, J.H., P.J.A.D.
Defendant was tried before a jury for possession of marijuana with intent to distribute, contrary to N.J.S.A. 2C:35-5a(1) and -5b(12), (Count One); possession of marijuana with intent to distribute within 1,000 feet of school property, contrary to N.J.S.A. 2C:35-5a(1) and 2C:35-7, (Count Two); distribution of marijuana, contrary to N.J.S.A. 2C:35-5a(1) and -5b(12), (Count Three); and distribution of marijuana within 1,000 feet of school property, contrary to N.J.S.A. 2C:35-5a(1) and N.J.S.A. 2C:35-7, (Count Four). The jury found defendant guilty on Counts One and Two and not guilty on Counts Three and Four. Defendant was sentenced to a custodial term of three years with one year of parole ineligibility on Count Two. On Count One, defendant was sentenced to a concurrent one-year custodial term. Additionally, statutory penalties were imposed on each count.
On this appeal, defendant contends that:
I THE TRIAL COURT ERRED BY NOT EXERCISING THE DISCRETION ALLOWED IT BY RULE 3:18-1 TO ORDER THE ENTRY OF A JUDGMENT OF ACQUITTAL AS THE EVIDENCE PRESENTED AT TRIAL WAS INSUFFICIENT TO WARRANT A CONVICTION.
II THE TRIAL COURT ERRED BY NOT EXERCISING THE DISCRETION ALLOWED IT BY RULE 3:20-1 TO SET ASIDE THE VERDICT OF THE JURY AND ORDER A NEW TRIAL, AS THE VERDICT WAS AGAINST THE WEIGHT OF THE EVIDENCE AND THEREFORE A MANIFEST DENIAL OF JUSTICE.

*262 I
Defendant's contention that his motion for an acquittal should have been granted requires us to review the evidence. Two narcotics detectives from the City of Passaic Police Department conducted a narcotic surveillance on August 26, 1987 in the area of Third Street and Mercer Street. Detectives Robert Feliciano and William Paranto set up surveillance in that area by parking an unmarked police vehicle near a dumpster. Detective Feliciano saw a black male wearing a white T-shirt and red sweat pants, later identified as defendant, standing on the corner of Mercer and Third Streets when they arrived at approximately 8:15 p.m.
At about 8:25 p.m. a blue Chevy with two white males came down Third Street and made a "U" turn at Mercer Street and stopped in the area where the black male wearing the white T-shirt and red sweat pants was standing. Feliciano testified that he saw the black male reach into the right side of his sweat pants and remove "what appeared to be a small little baggie and hand it through the window" of the Chevy. The passenger in the Chevy, later identified as Daniel Dabal, appeared to have handed paper money to the black male standing outside the car. The Chevy then drove north on Third Street. The black male then walked south on Third Street to number 113 where he sat on the trunk of a car. Detective Feliciano made his observations from a distance of between 75 feet to 150 feet without the assistance of binoculars.
After the Chevy left the area, Detective Feliciano notified his partner Detective Paranto who remained in the driver's seat of the unmarked police vehicle. They followed the Chevy north on Third Street and stopped it within a few blocks. Detective Feliciano went to the passenger side of the Chevy and demanded that the passenger "Give it up." The passenger took off his sneaker and shook a small plastic baggie of marijuana into the detective's hand. The passenger also had a small package of *263 easy wider rolling paper. The passenger was arrested and transported to police headquarters in another police vehicle.
Detectives Feliciano and Paranto returned to the surveillance area and found the black male wearing the white T-shirt and red sweat pants sitting on the trunk of a car. That individual was arrested within minutes after Dabal's arrest. At the time of his arrest, defendant had five "small plastic baggies containing green substance, suspected marijuana," in the right pocket of his red sweat pants. He had a $10 bill in the left pocket of his red sweat pants. The one "dime" bag of marijuana and the rolling paper seized from Dabal, as well as the five bags seized from defendant, were admitted as evidence. Defendant also had $13 in his sock at the time of his arrest which was placed into evidence.
Dabal testified that he and the driver of the blue Chevy, Rudy Kirsteuer, travelled from Garfield, New Jersey to Passaic to purchase a bag of marijuana for Dabal's own use. As they drove down Third Street looking for a seller of marijuana, a black male wearing a white T-shirt and loose fitting trousers indicated that he had some marijuana. He asked how many and Dabal said "one." The black male handed him a bag of marijuana and Dabal in turn handed the black male a $10 bill. Dabal and Kirsteuer then drove away. In court, Dabal was not able to make any further identification of the seller. He testified that he neither looked at the seller's features nor noticed whether the seller's pants were red.
Defendant also testified at the trial. He admitted that he possessed the five bags of marijuana seized from his person. He denied, however, that he sold a bag of marijuana to Dabal. He also denied that he possessed the five bags for distribution. He testified that he had just bought the five bags across the street "from some Spanish guy" three minutes before his arrest for his own use. Defendant said he was wearing red and white shorts when he was arrested.

*264 II
Defendant argues that his motion for a judgment of acquittal on Counts One and Two at the end of the State's case should have been granted because the State's evidence was insufficient to support a verdict.
The standard for appellate review of a denial of a motion for judgment of acquittal is the same test that a trial court must apply. State v. Moffa, 42 N.J. 258, 263, 200 A.2d 108 (1964). The court must grant the motion if "the evidence is insufficient to warrant a conviction." R. 3:18-1. Evidence is sufficient if "viewing the State's evidence in its entirety," both direct and circumstantial, and giving the State the benefit of all reasonable inferences, "a reasonable jury could find guilt of the charge beyond a reasonable doubt." State v. Reyes, 50 N.J. 454, 458-459, 236 A.2d 385 (1967). Accord State v. Brown, 80 N.J. 587, 591, 404 A.2d 1111 (1979). Because this motion was made at the close of the prosecution's case, we must examine the evidence, as the trial court did, as it appeared at that time, without considering defendant's evidence. State v. Reyes, supra, 50 N.J. at 458-459, 236 A.2d 385; State v. Watson, 224 N.J. Super. 354, 361, 540 A.2d 875 (App.Div.) certif. den. 111 N.J. 620, 546 A.2d 537 (1980).
Application of the above standard persuades us to conclude that the trial judge properly denied the motion. Counts One and Two charged possession with intent to distribute and possession with intent to distribute within 1,000 feet of school property. During the State's case in chief, the engineer for the City of Passaic testified that the place of defendant's arrest and alleged sale were within 1,000 feet of School 8.
Defendant was found in possession of five plastic baggies of marijuana at the time of his arrest. These baggies were seized from the right pocket of his sweat pants. Further, there was evidence that defendant removed one bag from the same pocket containing the five bags and sold it to Dabal. An inference *265 could be drawn that because all the bags were in the same pocket, and because defendant allegedly sold one bag selected at random from that pocket, all of the marijuana was possessed with the intent to distribute it.
In addition, Dabal testified that he purchased the one bag to smoke himself. Dabal simultaneously possessed a packet of easy wider rolling paper used to smoke marijuana. Because defendant did not have any smoking paper or any other paraphernalia used to smoke marijuana in his possession, the jury could infer that defendant did not possess the marijuana for his use despite the relatively small quantity. In light of the foregoing evidence presented before the close of the State's case, and giving the State the benefit of all reasonable inferences, the State presented in its case in chief sufficient evidence for the jury to find defendant guilty on Counts One and Two beyond a reasonable doubt. The credibility issues respecting the identification of defendant as the seller to Dabal could not be resolved by the judge when ruling on the motion. These issues were properly submitted to the jury. See State v. Long, 216 N.J. Super. 269, 280, 523 A.2d 672 (App.Div. 1987). Any alleged error related to submitting Counts Three and Four to the jury, have become moot in light of the not guilty verdicts on those two counts.

III
Defendant further contends that the trial judge erred in denying his motion to vacate the jury's verdict on Counts One and Two as against the weight of the evidence. Following the jury's verdict, defense counsel made an oral application "for judgment notwithstanding the verdict, a motion for judgment of acquittal." The judge responded "[w]hy don't you save your motion for March 18?" March 18 was the date fixed for sentencing. The judge reminded defense counsel that the rules (R. 3:18-2; R. 3:20-1) required a formal motion and suggested that a formal motion be filed. The appellate record does not *266 reveal that a formal motion was ever filed and the briefs do not contend otherwise. Although the same attorney represented defendant during both the trial and the sentencing, no motion for acquittal or new trial was argued during the sentencing hearing. Therefore, this issue is raised improperly in this appeal. R. 2:10-1; State v. Johnson, 203 N.J. Super. 127, 133, 495 A.2d 1367 (App.Div.), certif. den. 102 N.J. 312, 508 A.2d 195 (1985).
In the interest of justice, however, we have decided to address the merits of the claim pursuant to the plain error rule, R. 2:10-2. We must therefore decide whether there was sufficient evidence to support a finding that defendant possessed the marijuana with intent to distribute in view of the acquittal on the distribution counts. Our careful study of the record persuades us to conclude that there was sufficient credible evidence to support the jury's guilty verdicts on Counts One and Two beyond a reasonable doubt.
We cannot speculate as to why the jury acquitted defendant on both distribution counts. State v. Grunow, 102 N.J. 133, 148, 506 A.2d 708 (1986). It is clear though that distribution was not an element of the two possessory offenses and therefore the verdicts are not inconsistent. Even though identification of defendant as the seller to Dabal was a hotly contested issue and the jury may have acquitted defendant for that reason, "[i]t is equally possible that the jury, convinced of guilt, properly reached its conclusion on [Counts One and Two], and then through mistake, compromise or lenity, arrived at" an acquittal on the distribution counts. United States v. Powell, 469 U.S. 57, 65, 105 S.Ct. 471, 476, 83 L.Ed.2d 461, 468 (1984); accord State v. Grunow, 199 N.J. Super. 241, 249, 488 A.2d 1098 (App.Div. 1985), aff'd 102 N.J. 133, 148, 506 A.2d 708 (1986).
Furthermore, because jurors are free to accept or reject, in part or in whole, any aspect of testimonial evidence based on credibility, State v. Coleman, 46 N.J. 16, 43, 214 A.2d 393 *267 (1965), cert. den. 383 U.S. 950, 86 S.Ct. 1210, 16 L.Ed.2d 212 (1966), the jury may have had a reasonable doubt as to whether the State proved that defendant was the person who actually made the sale to Dabal. The sale to Dabal did not occur until "the specific moment money [was] passed in exchange for the [marijuana]. On the other hand possession with intent to distribute was a continuous act which tainted" the marijuana found in defendant's pocket as well as the package he allegedly sold to Dabal. State v. Jester, 68 N.J. 87, 91, 342 A.2d 850 (1975). A jury's reasonable doubt as to whether defendant made a sale is not the equivalent of an affirmative finding by the jury that there was no evidence that defendant made a sale of marijuana. See State v. Teat, 233 N.J. Super. 368, 373, 559 A.2d 8 (App.Div. 1989).
Additionally, the jury had for its comparison the package seized from Dabal and the five packages seized from defendant. The record does not reveal that they were different in any respect. Thus the jury could observe that the packages were nearly, if not in fact, identical. While we recognize that ordinarily expert testimony is required to explain the significance of packaging to a jury, State v. Odom, 116 N.J. 65, 76, 560 A.2d 1198 (1989), that does not mean that a jury is not free to use its common sense in comparing the Dabal bag and the defendant's bags. Possession accompanied by evidence of a sale of a package randomly selected from the bulk that is made available for the jury's comparison is not the ordinary case contemplated by Odom. In such circumstances, the jury could infer that all six packages were intended for street distribution. Indeed, defendant's testimony supports such an inference when he testified that he purchased the five bags he possessed from a "Spanish" vendor across the street from where he was arrested.
Finally, it is clear to us that the evidence of distribution was admissible on the issue of intent even if defendant had not been charged with distribution. Evidence that an accused randomly selected drugs from the total quantity of drugs possessed and *268 manifested a willingness to sell to a stranger, is substantial evidence that the drugs were possessed with the intent to distribute. State v. Jester, supra. We perceive no sound reason why that same evidence should not also be considered on intent after an acquittal on the distribution charges, where as here, all of the marijuana was kept in the same place and not segregated. Consequently, we conclude that given the totality of the evidence and reasonable inferences which the jury could have drawn from the evidence, the verdict does not represent a "miscarriage of justice under the law," R. 2:10-1; State v. Johnson, supra, 203 N.J. Super. at 133-134, 495 A.2d 1367, and that any error associated with defense counsel not filing a motion pursuant to R. 3:18-2 or R. 3:20-1 was harmless beyond a reasonable doubt.
Defendant's remaining contention that a mistrial should have been granted based on a discovery violation is clearly without merit. R. 2:11-3(e)(2).
The judgment of conviction is affirmed.