Jesus SANABRIA, Petitioner,

v.

Willis E. MORTON, et al., Respondents.

Civil Action No. 95–555 (JCL).

United States District Court, D. New Jersey.

July 19, 1996.

Jesus Sanabria, Trenton, NJ, Pro Se.

Craig Victor Zwillman, Office of the Attorney General of New Jersey, Trenton, NJ, for Defendants.

### OPINION

LIFLAND, District Judge.

Jesus Sanabria, currently incarcerated at the New Jersey State Prison in Trenton, New Jersey, petitions this Court for *habeas corpus* relief pursuant to 28 U.S.C. § 2254. Because his petition contains both exhausted and unexhausted claims, it must be dismissed. *See Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

### BACKGROUND

On March 12, 1986, a jury convicted Sanabria of one count of murder, N.J.S.A.

§ 2C:11–3(a)(1) and/or N.J.S.A. § 2C:11–3(a)(2), one count of possession of a weapon for an unlawful purpose, N.J.S.A. § 2C:39–4(a), and one count of possession of a handgun without a permit, N.J.S.A. § 2C:39–5(b). A fourth count, possession of a weapon by a previously convicted felon, was dismissed at the request of the prosecution.

The trial judge sentenced Sanabria to thirty years in prison without the possibility of parole for the murder count, and to a concurrent five-year term plus a VCCB penalty of $525.00 for the unlawful possession of a weapon count. The third count was merged into the second count for sentencing purposes.

Sanabria appealed to the Appellate Division, which affirmed his conviction in an unreported *per curiam* opinion dated March 24, 1988. In addition, the Appellate Division agreed with the state that the trial court improperly merged Sanabria's convictions on counts II and III, and that the trial court erred by failing to impose a mandatory period of parole ineligibility with respect to count II. The matter was remanded for resentencing. In a judgment of conviction dated January 13, 1989, the trial judge resentenced Sanabria on count II to a concurrent five-year term with a three-year period of parole ineligibility. On count III, the court sentenced him to a concurrent five-year term. Count I remained the same.

Sanabria's request for certification to the Supreme Court of New Jersey was denied in *State v. Sanabria*, 113 N.J. 329, 550 A.2d 446 (1988). He then submitted a petition for post-conviction relief on February 21, 1989, which the trial court denied on July 18, 1991. Sanabria again lost on appeal, and the Supreme Court refused certification.

On February 1, 1995, Sanabria filed this *habeas corpus* petition, asserting that: (1) the evidence at trial was insufficient to support his conviction; (2) the trial judge failed to properly answer the jury's question regarding the loss of the right to self-defense; (3) the verdict was against the weight of the evidence; (4) the trial judge erred in failing to instruct the jury on lesser crimes, such as manslaughter; (5) the trial court erred in denying post-conviction relief without affording Sanabria an evidentiary hearing; and (6) he was denied the right to adequate trial representation in violation of the Sixth Amendment.

## DISCUSSION

■ Before the Court reaches the merits of this *habeas corpus* petition, it must decide whether Sanabria exhausted all state remedies prior to requesting federal relief. *See* 28 U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. at 516, 102 S.Ct. at 1202. The [exhaustion] requirement is not a formality. It serves the interest of comity between the federal and state systems by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights. *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). A district court must dismiss a *habeas* petition that contains both unexhausted and exhausted claims. *Rose*, 455 U.S. at 522, 102 S.Ct. at 1205. The state asserts that Sanabria failed to exhaust his state remedies as to five of the six claims asserted here. The Court concludes that Sanabria failed to exhaust at least one of his claims, thus creating a mixed petition which much be dismissed. *Id.*

### Claim I: Ineffective assistance of counsel.

The state concedes that Sanabria exhausted all state remedies with respect to his ineffective assistance of counsel claim. Indeed, on several occasions, he "fairly presented" his Sixth Amendment claim to the state courts, *Picard*, 404 U.S. at 275, 92 S.Ct. at 512, which utilized the familiar standard articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), to assess the viability of the claim. Since the New Jersey state courts have had an initial opportunity "to pass upon and correct" this alleged violation of Sanabria's federal rights, the ineffective assistance of counsel claim is suitable for *habeas corpus* review. *Picard*, 404 U.S. at 275, 92 S.Ct. at 512.

### Claim II: Evidence Insufficient to Support a Murder Conviction.[1]

■ The state alleges that Sanabria did not raise his insufficient evidence claim dur-

---

1. If Sanabria's insufficient evidence claim is   equivalent to his weight of the evidence claim,

ing state proceedings. He did raise the issue, but only in his supplemental post-conviction relief petition for certification to the Supreme Court of New Jersey (Ex. G at 2). Because "[a] claim is not deemed exhausted if it is raised for the first time in the state's highest court on discretionary review", *Evans v. Court of Common Pleas*, 959 F.2d 1227, 1230 (3d Cir.1992) (citing *Castille v. Peoples*, 489 U.S. 346, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989)), *cert. denied*, 506 U.S. 1089, 113 S.Ct. 1071, 122 L.Ed.2d 498 (1993), Sanabria's insufficient evidence claim, first raised before the New Jersey Supreme Court,[2] was not fully exhausted.

**Sanabria's "borderline" claims.**

As is clear from the foregoing analysis, Sanabria's petition mixes exhausted and unexhausted claims, requiring dismissal of the entire petition. *Rose*, 455 U.S. at 522, 102 S.Ct. at 1205. The state argues that Sanabria failed to exhaust the other claims asserted in his petition,[3] since they were never framed as federal violations. Although unnecessary to this decision, some discussion concerning the exhaustion and fair presentation of the remaining four claims is warranted in light of the Supreme Court's recent decision in *Duncan v. Henry*, — U.S. —, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995).

Sanabria recited several constitutional amendments at the beginning of his federal brief, apparently intending the amendments to comprehend all of his claims. He also intersperses several generic references to the right to a fair trial throughout his submis-

sion. For purposes of this discussion, the Court will construe Sanabria's federal petition as asserting claims under the Federal Constitution. The more difficult question is whether Sanabria fairly presented the four federal claims to the state courts.

In the past, actual reference to the Constitution or other bodies of federal law was not necessary to satisfy the exhaustion requirement. *Evans*, 959 F.2d at 1231. In *Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971), the Court explained that it was generally not sufficient for a petitioner to simply go through the state process. A prisoner had to present to the state courts "the same claim he urge[d] upon the federal courts." *Id.* at 276, 92 S.Ct. at 512. Only the "substantial equivalent", *id.* at 278, 92 S.Ct. at 513, essentially the "substance of [the] federal *habeas corpus* claim", needed to be presented, rather than citation to "book and verse of the Constitution." *Id.* at 278, 92 S.Ct. at 513.

The Third Circuit applied *Picard* liberally in *Bisaccia v. Attorney Gen. of State of N.J.*, 623 F.2d 307 (3d Cir.1980). In the state proceedings, the petitioner had only referred "cryptically" to the Constitution, stating that he was constitutionally entitled to a fair trial. The defendant even failed to specify whether he grounded his claim in the state or Federal Constitution. *Id.* at 310. Nevertheless, the Court of Appeals held that he had satisfied the *Picard* exhaustion standard. *Id.* In determining whether the state and federal claims were "substantially equivalent", *Bisaccia* compared the analytic frameworks or

the Court need not examine the insufficient evidence claim. Bearing in mind that courts "should be reluctant to interpolate an unexhausted claim not directly presented by the petition", *McMahon v. Fulcomer*, 821 F.2d 934, 940 (3d Cir.1987) (quoting *Engle v. Isaac*, 456 U.S. 107, 124 n. 25, 102 S.Ct. 1558, 1570 n. 25, 71 L.Ed.2d 783 (1982)), the Court finds that an insufficient evidence claim differs from a weight of the evidence claim. *See* N.J.R.Ct. §§ 3:18–2, 3:20–1. A weight of the evidence claim requires analysis of both sides' evidence in determining if a new trial is warranted. *See, e.g., State v. Pickett*, 241 N.J.Super. 259, 574 A.2d 1014 (App.Div.1990). An insufficient evidence claim focuses upon the state's evidence, "giving the state the benefit of all its favorable testimony as well as all of the favorable inferences which reasonably could be drawn therefrom." *State v. Fiorello*, 36 N.J. 80,

90–91, 174 A.2d 900 (1961). Since the two claims are distinct, the Court will address the exhaustion of each one.

**2.** The Court denied Sanabria's request for certification. *See State v. Sanabria*, 134 N.J. 566, 636 A.2d 523 (1993).

**3.** To reiterate, Sanabria claims that: (a) the trial judge failed to properly answer the jury's question regarding the loss of the right to self-defense; (b) the verdict was against the weight of the evidence; (c) the trial judge erred in failing to instruct the jury on lesser crimes, such as manslaughter; and (d) the trial court erred in denying post-conviction relief without affording Sanabria an evidentiary hearing.

methods used by the state and federal courts. Exhaustion had occurred because "the method asserted in the federal courts was readily available to the state court[s]." *Id.* (quoting *Zicarelli v. Gray,* 543 F.2d 466, 472 (3d Cir.1976) (en banc)).

Two years later, *Santana v. Fenton,* 685 F.2d 71 (3d Cir.1982) applied the *Picard* and *Bisaccia* approach, but concluded that the petitioner had not exhausted his state court remedies. Because the court could not discern the requisite similarity between the prisoner's state and federal claims, it held that the federal issues had not been fairly presented to the state. *Santana,* 685 F.2d at 74. The court did *not* base its decision on the fact that Santana had not cited federal law, but rather on the perceived substantive differences between his federal and state claims. *Id.*

Again confronted with an exhaustion issue in 1992, the Third Circuit examined other circuits' interpretations of *Picard* while following its own precedent. The case, *Evans v. Court of Common Pleas,* involved a petitioner who claimed that the evidence adduced at trial was insufficient to support a third-degree murder conviction. She had raised the claim at the state and federal levels, but had not claimed constitutional error until her petition to the Pennsylvania Supreme Court. *Id.* at 1230. The Third Circuit recounted that in several of the other circuits, no "talismanic phrase [of] due process of law" or "book and verse [of] the federal Constitution" was required. *See, e.g., West v. Wright,* 931 F.2d 262, 266 (4th Cir.1991), *rev'd on other grounds,* 505 U.S. 277, 112 S.Ct. 2482, 120 L.Ed.2d 225 (1992); *Lesko v. Owens,* 881 F.2d 44, 50 (3d Cir.1989), *cert. denied,* 493 U.S. 1036, 110 S.Ct. 759, 107 L.Ed.2d 775 (1990); *Nadworny v. Fair,* 872 F.2d 1093 (1st Cir.1989); *Nichols v. Sullivan,* 867 F.2d 1250, 1252 (10th Cir.1989); *Tamapua v. Shimoda,* 796 F.2d 261, 263 (9th Cir.1986); *Petrucelli v. Coombe,* 735 F.2d 684, 687 (2d Cir.1984); *Sullivan v. Fairman,* 731 F.2d 450, 453 (7th Cir.1984); *Hutchins v. Wain-*

*wright,* 715 F.2d 512, 518–19 (11th Cir.1983), *cert. denied,* 465 U.S. 1071, 104 S.Ct. 1427, 79 L.Ed.2d 751 (1984). Courts instead focused upon the substance of each 'claim, and how each claim could be construed. *Evans,* 959 F.2d at 1231. If the *habeas* court could possibly interpret a claim advanced in state court as substantively similar to federal law, the court could deem the claim exhausted.[4] For example, in *Daye v. Attorney General of New York,* 696 F.2d 186 (2d Cir.1982), the court held that a defendant could present the constitutional nature of his claim to the state courts in oblique ways, such as by "[relying] on state cases employing constitutional analysis in like fact situations" or "[alleging] a pattern of facts that is well within the mainstream of constitutional litigation." *Id.* at 194.

Relying on *Bisaccia* and *Daye's* rather forgiving formulation, *Evans* ruled that the petitioner's insufficient evidence claim was exhausted, since the same method of analysis was available to the state and federal courts. *Id.* Accordingly, until recently the law in the Third Circuit was that a petitioner would be deemed to have exhausted a claim if he conceivably raised the claim in state court. It was irrelevant whether or not the state court was actually aware of the constitutional nature of the claim; the claim was exhausted if, in the opinion of the federal court, the state court *could* have been alerted to the claim's federal nature.

However, the Supreme Court tightened the fair presentation requirement in *Duncan v. Henry,* which reversed a Ninth Circuit decision that had allowed exhaustion without specific reference to federal law in the state proceedings. *See Henry v. Estelle,* 33 F.3d 1037, 1040 (9th Cir.1993), *rev'd sub. nom. Duncan v. Henry,* —— U.S. ——, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (per curiam). The defendant in *Duncan* objected to the admission of certain evidence during his trial, and, with one other claim, reasserted the objection in a *habeas corpus* petition. *Id.* at

---

4. Even before *Duncan v. Henry,* the Eighth Circuit took a stricter approach to the issue of fair presentation than the majority of circuits. The Eighth Circuit required more specific reference to federal law in state court. *See, e.g., Kelly v.*

*Trickey,* 844 F.2d 557, 558 (8th Cir.1988); *Martin v. Solem,* 801 F.2d 324, 330–31 (8th Cir. 1986). *Duncan* simply lent this view more credence.

——, 115 S.Ct. at 887. At the state level, the defendant raised the non-evidentiary claim as a federal due process violation, but predicated his evidentiary claim solely on California law. The Court held that the evidentiary claim was not exhausted, and clarified *Picard* by explaining that if a *habeas* petitioner intends to allege that his incarceration denied him "the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." *Duncan,* —— U.S. at ——, 115 S.Ct. at 888. The evidentiary claim *could* have been construed as a federal due process claim, but was not expressed in such terms. "[State courts] must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Id.* The Court buttressed its application of *Picard* by underscoring that the defendant had clearly signaled the federal attributes of his non-evidentiary claim by specific reference to federal law. This was not the case with his evidentiary argument. *Id.*

*Duncan* seems to alter the law in this circuit by erecting a more substantial barrier between a state prisoner and federal *habeas corpus* review. Recognizing this shift, the District Court of Delaware recently applied the stricter rule, denying federal *habeas* review where the petitioner based his *habeas* petition arguments on the Constitution, but failed to ground his substantively identical claims in state court on federal law. *See Cooper v. Snyder,* 888 F.Supp. 613 (D.Del. 1995). In another post-*Duncan* case, *Wyldes v. Hundley,* 69 F.3d 247, 251 (8th Cir.1995), the factual foundation of the petitioner's state and federal claims was the same, but the underlying legal theories differed. In state court, the prisoner relied upon state law. In federal court, he relied upon federal law. *Id.* at 251. The Eighth Circuit affirmed the dismissal of Wyldes' *habeas* petition because he made no federal references in state court. After briefly discussing the former "not necessary to cite book and verse o[f] the Constitution" standard, the court explained that "[o]ur exhaustion analysis, described by Wyldes as 'too narrow', has recently been vindicated in *Duncan v. Henry.*" *Hundley,* 69 F.3d at 251. *See also Abdullah v. Groose,* 75 F.3d 408 (8th Cir.1996), *cert. denied,* ——

U.S. ——, 116 S.Ct. 1838, 134 L.Ed.2d 941 (1996) (requiring a petitioner to refer to "a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case [directly] raising a ... federal constitutional issue" in state court in order to satisfy the exhaustion requirement) (quoting *Ashker v. Leapley,* 5 F.3d 1178, 1179 (8th Cir.1993)); *Riggins v. McGinnis,* 50 F.3d 492, 494 (7th Cir.1995) (denying review of a *habeas* petition because petitioner had based all of his arguments in state court on state law), *cert. denied sub. nom., Riggins v. Washington,* —— U.S. ——, 115 S.Ct. 2621, 132 L.Ed.2d 862 (1995).

■ With the counsel of *Duncan* and subsequent cases in mind, the Court now turns to Sanabria's four "borderline" claims. After a careful review of the record in state court, this Court finds no references to federal violations in the following three claims: that the verdict was against the weight of the evidence, that the judge failed to properly answer a jury inquiry regarding the loss of the right to self-defense, and that Sanabria should have received an evidentiary hearing during his state petition for post-conviction relief. Sanabria, the state, and the state court opinions cited only New Jersey cases and statutes when discussing these issues. None of these state materials addressed federal constitutional questions. And although these three claims might all be "substantially equivalent" at the state and federal levels, mere similarity is not sufficient under *Duncan. Duncan,* —— U.S. at ——, 115 S.Ct. at 888. Even if all of these claims could be construed as federal due process claims, neither party presented them, nor did the court interpret them, as such in state court. Thus, the New Jersey state courts did not read the claims to interpose federal due process objections to Sanabria's conviction. As previously stated, the policy rationale for the exhaustion requirement is to promote comity by permitting state courts to initially appraise the constitutional arguments raised by defendants convicted in state courts. New Jersey had no such opportunity.

Sanabria's state petition for post-conviction relief contained two vague references to the Fifth, Sixth, and Fourteenth Amendments

(Ex. D at Da–25, Da–33), but these pertained solely to Sanabria's ineffective assistance of counsel claim, which the Court has already indicated was exhausted. Moreover, as in *Duncan,* the fact that Sanabria anchored only his ineffective assistance of counsel claim to federal law suggests that the state courts were not "alerted" to the fact that Sanabria was basing all of his claims on the Federal Constitution. *Id.* at ——, 115 S.Ct. at 888. When he intended to raise federal constitutional arguments, he did so by citing the Constitution. The Court thus concludes that Sanabria failed to exhaust these claims under the *Duncan* standard.

 Sanabria's fourth "borderline" claim alleges that the trial judge erred by not giving a lesser-included offense (manslaughter) instruction to the jury. The state, in its brief opposing Sanabria's direct appeal, alerted the court to the federal due process dimension of Sanabria's claim when it cited *Beck v. Alabama,* 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980), and *Hopper v. Evans,* 456 U.S. 605, 102 S.Ct. 2049, 72 L.Ed.2d 367 (1982), cases that addressed the issue of when due process requires a lesser-included offense instruction (Ex. B at 41). Although the Appellate Division's opinion did not analyze the question in federal terms, a federal issue does not have to be addressed by an appellate court in order for exhaustion to be satisfied; the issue need only be presented. *See Smith v. Digmon,* 434 U.S. 332, 333, 98 S.Ct. 597, 598–99, 54 L.Ed.2d 582 (1978). These facts and cases suggest that Sanabria properly exhausted the jury instruction claim, since the state courts were first afforded an opportunity to consider the federal constitutional claim. In any event, a state court's conclusion that evidence does not justify an instruction on manslaughter is purely a matter of state law, and cannot be challenged in federal *habeas corpus* proceedings. *See Kontakis v. Beyer,* 19 F.3d 110 (3d Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 215, 130 L.Ed.2d 143 (1994). Thus, whether the Court deems Sanabria's fourth "borderline" claim exhausted or unexhausted, the Court lacks authority to adjudicate the claim.

## CONCLUSION

For the foregoing reasons, Sanabria's *habeas corpus* petition is a "mixed petition" and will be dismissed in its entirety.

## ORDER

For the reasons set forth in the accompanying Opinion, **IT IS** on this 18th day of July, 1996, **ORDERED** that Jesus Sanabria's *habeas corpus* opinion is dismissed in its entirety.

**IT IS FURTHER ORDERED** that there is no probable cause for an appeal from this decision.