709 A.2d 1358

MEIRAV FIORE AND NEIL FIORE, HER HUSBAND, PLAIN-
TIFFS–APPELLANTS, v. RIVERVIEW MEDICAL CENTER,
RIVERVIEW HOSPITAL, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued April 27, 1998—Decided May 14, 1998.

Before Judges PETRELLA and SKILLMAN.

*Douglas E. Freiberger* argued the cause for appellants
(*Schneider Freiberger*, attorneys; *Mr. Freiberger*, on the brief).

*Mary Ann Nobile* argued the cause for respondent (*Ronan, Tuzzio & Giannone,* attorneys; *Ms. Nobile,* of counsel; *Anthony M. Tracy,* on the brief).

The opinion of the court was delivered by

SKILLMAN, J.A.D.

In this personal injury action, plaintiffs appeal a jury verdict which found both plaintiff Meirav Fiore and defendant Riverview Medical Center negligent, apportioned 60% negligence to Riverview and awarded damages in the amount of $6,000. The court molded this verdict and entered judgment in favor of Mrs. Fiore for $3,600 plus $432.10 in prejudgment interest.

Plaintiffs' sole argument on appeal is that the damages verdict was against the weight of the evidence and consequently a new trial should be granted with respect to damages only. However, plaintiffs failed to move for a new trial. Consequently, their appeal is foreclosed by *Rule* 2:10–1, which provides that "the issue of whether a jury verdict was against the weight of the evidence shall not be cognizable on appeal unless a motion for a new trial on that ground was made in the trial court."

Plaintiffs argue that *Rule* 2:10–1 should be relaxed because the refusal to entertain this appeal would result in an injustice. See *R.* 1:1–2. However, such relief would circumvent the operation of *Rule* 4:49–1(b), which requires a motion for a new trial to be filed within ten days of the return of a verdict, and *Rule* 1:3–4(c), which provides that that ten day time limit may not be enlarged. *See Moich v. Passaic Terminal & Transp. Co.,* 82 *N.J.Super.* 353, 364, 197 *A.*2d 690 (App.Div.1964). If we were to rule that plaintiffs are entitled to a new trial because the damages verdict was against the weight of the evidence, we would be granting them relief which the trial court was expressly barred from granting because of plaintiffs' failure to file a motion for a new trial within ten days of the verdict. Moreover, we would be acting without the benefit of any trial court opinion regarding the evidence presented at trial. Therefore, there must be strict enforcement of the prohibi-

tion of *Rule* 2:10–1 against this court considering an argument that a jury verdict is against the weight of the evidence when no motion for a new trial was made.[1] *See Moich, supra,* 82 *N.J.Super.* at 362–64, 197 *A.*2d 690.

Affirmed.

---

[1] We note that the application of *R.* 2:10–1 to bar a criminal defendant from arguing that a guilty verdict was against the weight of the evidence may implicate constitutional rights which are not at stake in a civil appeal. See *State v. Smith,* 262 *N.J.Super.* 487, 511–12, 621 *A.*2d 493 (App.Div.), *certif. denied,* 134 *N.J.* 476, 634 *A.*2d 523 (1993); *State v. Pickett,* 241 *N.J.Super.* 259, 266, 574 *A.*2d 1014 (App.Div.1990).

