**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3786-17T1

STATE OF NEW JERSEY,

  Plaintiff-Respondent,

v.

JOHN E. HOWARD, a/k/a
JOHN W. HOWARD, and
JAMAL FISHER,

  Defendant-Appellant.

_____

Submitted October 10, 2019 – Decided October 25, 2019

Before Judges Haas and Mayer.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 16-02-0459.

Joseph E. Krakora, Public Defender, attorney for appellant (Scott David Finckenauer, Designated Counsel, on the brief).

Theodore N. Stevens II, Acting Essex County Prosecutor, attorney for respondent (Caroline C. Galda, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from a May 9, 2017 judgment of conviction. He specifically appeals from the judge's denial of his motion for acquittal at the close of the State's case. He also challenges the judge's order granting the State's motion for an extended sentence and imposition of a fifteen-year sentence. We affirm.

Defendant was charged with first-degree armed robbery, N.J.S.A. 2C:15-1; fourth-degree aggravated assault, N.J.S.A. 2C:12-1(b)(3); second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b); and second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a).

After hearing the evidence, a jury found defendant guilty of robbery and the lesser-included offense of simple assault.

Based upon the jury's guilty verdict, the State moved for an extended sentence. The judge granted the State's motion, finding defendant was a persistent offender under N.J.S.A. 2C:44-3(a) and sentenced defendant to fifteen years in prison.

We summarize the facts leading to defendant's guilty verdict. The victim, a prostitute, frequented a particular area in Newark. The victim knew defendant for about one year and saw him on a daily basis in the area where she worked.

On the day of the incident, defendant approached the victim. Defendant claimed he was experiencing heroin withdrawal and asked the victim if she had any heroin. After the victim replied she had no heroin, defendant struck her in the face with a gun. The victim fell to the ground, defendant stole her purse, and then fled.

The victim reported the incident to the police. She was taken to the police station where she gave a statement. She described her assailant as an "African-American male, approximately 28 years of age, about [120 to 130] pounds, with a beard, and . . . dreads." The victim was able to identify defendant in a photo array as the man who robbed and assaulted her.

At trial, the victim gave similar testimony regarding the identity of her assailant. She admitted that she had a previous criminal history and was addicted to drugs.

At the close of the State's case, defendant moved for acquittal. Defense counsel did not present any arguments in support of the motion and relied on the facts as presented during the State's case. In opposition to the motion, the State painstakingly summarized the facts and evidence against defendant. The State argued the victim was credible and, giving the State all favorable inferences, defendant's motion should be denied.

A-3786-17T1

The trial judge, in a detailed oral decision, denied defendant's motion. The judge found that "[b]ased upon the testimony of [the victim], and giving the State all reasonable inferences, there is sufficient evidence from which a reasonable jury could find the defendant guilty" on all counts.

Defendant raises the following arguments:

POINT I

THE TRIAL COURT ERRED IN NOT GRANTING DEFENDANT'S MOTION FOR A JUDGMENT OF ACQUITTAL.

POINT II

THE TRIAL COURT ERRED IN IMPOSING AN EXTENDED TERM SENTENCE OF FIFTEEN YEARS.

We find insufficient merit in defendant's arguments to warrant discussion in a written opinion. R. 2:11-3(e)(2).

We add only the following comments. In reviewing a decision on a motion for acquittal, "the trial judge is not concerned with the worth, nature[,] or extent (beyond a scintilla) of the evidence, but only with its existence, viewed most favorably to the State." State v. DeRoxtro, 327 N.J. Super. 212, 224 (App. Div. 2000) (quoting State v. Kluber, 130 N.J. Super. 336, 341 (App. Div. 1974)). Our review of a trial court's denial of a motion for acquittal is "limited and

deferential[,]" State v. Reddish, 181 N.J. 553, 620 (2004), and requires that "we apply the same standard as the trial court." State v. Fuqua, 234 N.J. 583, 590 (2018) (citing State v. Sugar, 240 N.J. Super. 148, 153 (App. Div. 1990)). Furthermore, "credibility issues . . . [should] not be resolved by the judge when ruling on [a motion for acquittal]" because such issues are for the jury to decide. State v. Pickett, 241 N.J. Super. 259, 265 (App. Div. 1990).

Having reviewed the record, we are satisfied the judge properly denied defendant's motion for acquittal. The judge thoroughly reviewed and summarized the evidence presented by the State, properly set forth the legal standard for deciding a motion for acquittal, and, giving the State every reasonable inference, cited the facts upon which a jury could find defendant guilty as to each count. The judge correctly rejected defendant's argument that the victim was incredible because issues of credibility were to be determined by the jury, not the trial court.

We also reject defendant's challenge to the imposition of an extended term sentence of fifteen years. We review a trial court's decision to impose an extended term for abuse of discretion. State v. Pierce, 188 N.J. 155, 166 n.4 (2006). A trial court has discretion to impose an extended term sentence where

a defendant satisfies certain criteria to be considered a persistent offender. N.J.S.A. 2C:44-3(a). If the court grants the prosecutor's motion for an extended term, the permissible sentencing range extends from the bottom of the ordinary term range to the top of the extended term range. Pierce, 188 N.J. at 168.

Having reviewed the record, the imposition of a fifteen-year sentence is amply supported. Defendant did not deny his status as a persistent offender. The judge set forth the aggravating factors supporting the sentence imposed, including defendant's criminal record, lack of employment, and history of drug use. The judge found no mitigating factors. In imposing the sentence, the judge expressly found an extended term was required to "protect the public from future offenses by this defendant."

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3786-17T1