**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1542-22

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JONATHAN BEATTY,
a/k/a JON J BEATTY,

     Defendant-Appellant.

_____

Submitted September 11, 2024 – Decided September 20, 2024

Before Judges Mayer and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Indictment No. 21-09-0717.

Schwartz & Posnock, attorneys for appellant (Leslie B. Posnock, on the briefs).

Matthew J. Platkin, Attorney General, attorney for respondent (Laura E. Wojcik, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant Jonathan Beatty appeals from a December 16, 2022 judgment of conviction for attempted murder, aggravated assault, and possession of a weapon for an unlawful purpose. In the alternative, he argues his sentence is excessive. We affirm the convictions and sentence.

We summarize the facts from the testimony and evidence adduced during a six-day jury trial. On July 3, 2021, defendant attacked the victim with an axe. The victim sustained a fracture to his left forearm, severed tendons in his left hand, and a large laceration on his left upper arm. At trial, the parties presented conflicting testimony whether defendant acted in self-defense. Additionally, defendant, the victim, and the victim's girlfriend offered divergent versions of the incident during their trial testimony. Ultimately, the jury rejected defendant's self-defense theory and found him guilty on all counts. After ordering appropriate mergers, the judge sentenced defendant to fifteen years in prison, subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, with five years of parole supervision on the attempted murder conviction.

On appeal, defendant raises the following arguments:

POINT I

> THE JURY'S VERDICT WAS AGAINST THE
> WEIGHT OF THE EVIDENCE.

A-1542-22

POINT II

THE COURT BELOW ERRED IN ASSESSING THE AGGRAVATING FACTORS IN SENTENCING.

POINT III

THE MITIGATING FACTORS IN THIS CASE SUBSTANTIALLY OUTWEIGH THE AGGRAVATING FACTORS.

A. There Were Substantial Grounds Tending to Explain Defendant's Conduct Pursuant to N.J.S.A. 2C:44-1(b)(4).

B. [ ]Defendant Has Led a Law-Abiding Life for a Substantial Period of Time before the Commission of the Present Offense Pursuant to N.J.S.A. 2C:44-1(b)(7).

C. [ ]Defendant's Conduct Was the Result of Circumstances Unlikely to Recur and the Character and Attitude of the Defendant Indicate that He Is Unlikely to Commit Another Offense Pursuant to N.J.S.A. 2C:44-1(b)(8) and (9).

D. A Downgrade to a Third-Degree Sentence Was Appropriate.

POINT IV

THIS COURT HAS JURISDICTION TO MAKE NEW FINDINGS OF FACT AND SUPPLEMENT THE RECORD WITH REGARD TO SENTENCING.

3

I.

We first address defendant's assertion that the jury's verdict was against the weight of the evidence. We disagree because defendant's argument fails both procedurally and substantively.

Under Rule 2:10-1,

> the issue of whether a jury verdict was against the weight of the evidence shall not be cognizable on appeal unless a motion for a new trial on that ground was made in the trial court. The trial court's ruling on such a motion shall not be reversed unless it clearly appears that there was a miscarriage of justice under the law.

Defense counsel failed to raise a new trial motion before the trial court. Thus, we could reject defendant's "weight of the evidence" argument on procedural grounds.

However, we elect to consider this argument despite defendant's failure to request a new trial. We do so in the interest of justice because, in criminal appeals, the "evidence may implicate constitutional rights which are not at stake in a civil appeal." Fiore v. Riverview Med. Ctr., 311 N.J. Super. 361, 363 n.1 (App. Div. 1998) (citing State v. Smith, 262 N.J. Super. 487, 511-12 (App. Div. 1993)).

Because defendant never moved for a new trial, we review his argument for plain error. R. 2:10-2 ("Any error or omission shall be disregarded by the

4

appellate court unless it is of such a nature as to have been clearly capable of producing an unjust result, but the appellate court may, in the interests of justice, notice plain error not brought to the attention of the trial or appellate court.").

"In reviewing a trial court's decision to grant a new trial following a jury verdict, an appellate court must be 'guided by essentially the same standard as that controlling the trial judge's review of a jury verdict,' and must weigh heavily the trial court's views on 'credibility of witnesses, their demeanor, and [the trial court's] general 'feel of the case.'" State v. Brown, 118 N.J. 595, 604 (1990) (quoting State v. Sims, 65 N.J. 359, 373 (1974)). "If the trial court acts under a misconception of the applicable law, however, the appellate court need not give such deference." Ibid.

As the New Jersey Supreme Court held in State v. Afanador, "[f]aith in the ability of a jury to examine evidence critically and to apply the law impartially serves as a cornerstone of our system of criminal justice." 134 N.J. 162, 178 (1993). "Unless no reasonable jury could have reached such a verdict, a reviewing court must respect a jury's determination." Ibid.

Here, the evidence adduced at trial was sufficient for the jury to conclude, beyond a reasonable doubt, that defendant was guilty of attempted murder, aggravated assault, and possession of a weapon for an unlawful purpose. The State presented testimony from the victim and the victim's girlfriend regarding

5

the events on July 3, 2021. The jury also heard testimony from the victim's treating physicians regarding the injuries suffered by the victim and how those injuries were inflicted.

Although defendant asserted the victim was the aggressor on July 3, and argued that he acted in self-defense, the jury did not believe him. The State presented sufficient evidence demonstrating defendant acted absent provocation when he viciously attacked the victim with an axe. After rejecting defendant's self-defense theory, the jury convicted him on all counts.

We further reject defendant's argument on this point because the judge properly instructed the jury regarding the evaluation of the trial evidence, including assessing the credibility of the witnesses. The judge told the jury to weigh the testimony of each trial witness and determine whether the testimony was credible and consistent with the evidence. Based on the ample evidence presented by the State, and affording all reasonable inferences which could be drawn from that evidence, a jury could rationally find defendant guilty on all charges. On these facts, we discern no plain error to warrant a new trial.

Even if we ignored the procedural basis for rejecting defendant's argument that the jury's verdict was against the weight of the evidence, which we do not, we are satisfied defendant's conviction was supported by the evidence. The jury,

A-1542-22

reviewing the credible evidence, could rationally find defendant guilty on all charges, and did so.

II.

We next consider defendant's arguments regarding the sentence imposed. Defendant contends the judge failed to properly weigh the aggravating and mitigating factors in sentencing. We disagree.

We review a sentencing court's imposition of a sentence for abuse of discretion. State v. Miller, 237 N.J. 15, 28 (2019). "Appellate review of a criminal sentence is limited; a reviewing court decides whether there is a 'clear showing of abuse of discretion.'" State v. Bolvito, 217 N.J. 221, 228 (2014) (quoting State v. Whitaker, 79 N.J. 503, 512 (1979)). Our deferential standard of review applies "only if the trial judge follows the [Criminal] Code and the basic precepts that channel sentencing discretion." State v. Trinidad, 241 N.J. 425, 453 (2020) (quoting State v. Case, 220 N.J. 49, 65 (2014)). Where the sentencing judge followed the Criminal Code and properly exercised discretion in the sentencing decision, we will affirm provided the sentence does not "shock the judicial conscience." Case, 220 N.J. at 65. "On the other hand, if the trial court fails to identify relevant aggravating and mitigating factors, or merely enumerates them, or forgoes a qualitative analysis, or provides little 'insight into

7

the sentencing decision,' then the deferential standard will not apply." Ibid. (citations omitted).

Rule 3:21-4(h) provides that "[a]t the time [the] sentence is imposed[,] the judge shall state reasons for imposing such sentence including findings pursuant to the criteria for withholding or imposing imprisonment." Ibid. A sentencing judge's statement of the factual basis for their findings is necessary and "important for meaningful appellate review of any criminal sentence" because the appellate court is "expected to assess the aggravating and mitigating factors to determine whether they 'were based upon competent credible evidence in the record.'" State v. Bieniek, 200 N.J. 601, 608 (2010) (quoting State v. Roth, 95 N.J. 334, 364-65 (1984)). A statement of reasons supporting the sentencing judge's consideration of the applicable aggravating and mitigation factors must be included in the final judgment of conviction. R. 3:21-5.

The statute governing the sentencing criteria identifies fifteen aggravating factors, N.J.S.A. 2C:44-1(a), and fourteen mitigating factors, N.J.S.A. 2C:44-1(b). See State v. Rivera, 249 N.J. 285, 301 (2021). A sentencing judge must "explain and make a thorough record of their findings to ensure fairness and facilitate review." State v. Comer, 249 N.J. 359, 404 (2022).

At sentencing in this case, defense counsel requested a sentence downgrade on the first-degree attempted murder conviction. Citing defendant's

age and lack of criminal history, counsel requested the judge impose a seven-year term of imprisonment subject to NERA.

In addition, defense counsel asked the judge to apply the following mitigating factors: three, N.J.S.A. 2C:44-1(b)(3) (defendant acted under strong provocation); four, N.J.S.A. 2C:44-1(b)(4) ("[t]here were substantial grounds tending to excuse or justify defendant's conduct," though failing to establish a defense); seven, N.J.S.A. 2C:44-1(b)(7) (defendant lacked any history of prior delinquency or criminal activity or led a law-abiding life for a substantial period of time before the commission of the present offense); eight, N.J.S.A. 2C:44-1(b)(8) (defendant's conduct was the result of circumstances unlikely to recur); and nine, N.J.S.A. 2C:44-1(b)(9) (the character and attitude of defendant indicated he was unlikely to commit another offense).

The State requested the judge apply the following aggravating factors: one, N.J.S.A. 2C:44-1(a)(1) (the nature and circumstances of the offense); two, N.J.S.A. 2C:44-1(a)(2) (the gravity and seriousness of harm inflicted on the victim); three, N.J.S.A. 2C:44-1(a)(3) (the risk that defendant will commit another offense); six, N.J.S.A. 2C:44-1(a)(6) (the extent of defendant's prior criminal record and seriousness of his convicted offenses); and nine, N.J.S.A. 2C:44-1(a)(9) (the need for deterrence).

A-1542-22

The State also argued against a sentencing downgrade because the "aggravating factors clearly and convincingly . . . outweigh[ed] the mitigating factors," and defendant's character and personal circumstances did not warrant a downgrade. Further, the State asked the judge to impose a seventeen-year sentence subject to NERA.

At the sentencing hearing, the judge made the following factual findings:

> [T]he Raritan Police . . . [were] dispatched to an area on West Somerset Street where a male need[ed] assistance. [The officers] located the victim . . . bleeding profusely from a four[-]inch laceration on his back and lacerations to his left forearm.
>
>    . . . .
>
>    The victim named [] defendant [] as the person who attacked him with an axe. We have the axe in evidence . . . .
>
> The facts at trial developed . . . a significant disparity of the two stories. [The victim] said he walked into [] defendant's apartment to get his apartment keys back from his girlfriend who was visiting with [defendant]. As [the victim] walked out of the apartment[,] he was attacked with an axe.
>
> [According to the victim, he] used his arm to block the strike which caused the injury to the forearm. Defendant followed [the victim] towards the stairs as he was running away and struck him again in the back with the axe. The [c]ourt saw the blood trail which really went upstairs, down a hallway, out a fire escape, along the sidewalk, across the street towards the Raritan Police Station and back. [The victim] wound

up back on a bench in front of the apartment. And the amount of blood was staggering.

The judge further found:

> If th[e] police officer hadn't been there I think there might have been a very . . . different result. But the State is correct, I'm not a [thirteenth] juror. I don't [accept] different versions of the fact[s]. I hear what the jury said. [The jury] found [defendant] guilty on all four counts.

The judge also considered defendant's criminal history, including arrests from other jurisdictions. In addressing aggravating factors one and two, the judge stated:

> [T]he [c]ourt looks at factor [one], the nature and circumstances of the offense, the role of the actor therein[,] including whether or not it was committed in an especially heinous, cruel or depraved manner. And certainly attempted murder can be accomplished in a variety of ways. But here, I presided over the trial. The facts as the jury found them were that [defendant] swung an axe at [the victim], that he was only able to block it with his forearm fortuitously, he suffered some pretty severe injuries to his forearm and still can't straighten his fingers today. And then he was chopped in the back, in essence, and left a blood trail that was significant for some period of time.
>
> I do find that the act was committed in an especially heinous and cruel or depraved manner and find that aggravating factor [one] does apply.
>
> Aggravating factor [two] is the gravity and seriousness of the harm on the victim. Contrary to the State's argument I do find that [this factor] is incorporated by the charge. For what I've just said, the blood trail, the

11

fact that he almost passed out, he had to be told by the officer to sit down and stay seated, there could be some consideration given to applying factor [two].  I believe it's incorporated by the charges.  I'm going to decline [two].

The judge next applied aggravating factors three, six, and nine, finding these factors "[we]re apparent."

The judge then considered mitigating factors three, four, seven, eight, and nine, and stated the following:

> Concerning the mitigating factors that the defense asked me to apply.  Number [three], the strong provocation.  I agree with the State's argument that this was a theory of the case presented clearly and well by the defense to the jury.  The jury didn't accept it.  The [c]ourt's role is not to serve as that [thirteenth] juror by case law, and I'd be doing so if I found that [defendant] was strongly provoked by [the victim].
>
> For similar reasons[,] I don't find that factor [four] applies, that there were grounds, substantial grounds tending to excuse or justify the conduct.  The jury found that this matter transpired in the way the State presented it.  [The victim] blocked an axe blow with his forearm and then was struck in the back as he attempted to flee up the stairs.
>
> The defense . . . argues that number [seven] applies, that he's led a law[-]abiding life for a substantial period of time.  The [c]ourt acknowledges that the three felony convictions out of Somerset County are some time ago, but he does now have these pending charges in Pennsylvania.  I decline to apply factor [seven].  I don't find that these circumstances are unlikely to occur, and I don't find that his character and attitude indicate that he's unlikely to commit another offense.

12

> The long and short of it is I don't find any mitigating factors to apply. I find the aggravating factors to apply which I've just set forth on the record. I find them to outweigh the mitigating factors.

In the judgment of conviction, the judge stated aggravating factors one, three, six, and nine applied, and "[n]o mitigating factors appl[ied]." Based on his sentencing findings, the judge concluded, "[t]he aggravating factors predominate."

Having reviewed the record, we are satisfied the judge properly determined the aggravating factors substantially outweighed the non-existent mitigating factors. Contrary to defendant's contention, the sentencing judge did not give "short shrift" to his sentencing arguments. Nor did the judge fail to articulate his reasons for finding aggravating factors three, six, and nine applied. The judge summarized his reasons for applying these aggravating factors, and the record demonstrates the judge provided a comprehensive recitation of the facts in finding these aggravating factors "apparent."

Moreover, the sentencing record belies defendant's claim the judge impermissibly relied on defendant's pending charges in Pennsylvania when evaluating the aggravating factors. The judge recited defendant's pending charges in summarizing defendant's criminal history. However, the judge did not rely on defendant's pending out-of-state charges as an aggravating factor.

We also reject defendant's argument that the judge failed to consider his requested mitigating factors. The judge considered defendant's requests to apply mitigating factors three, four, seven, eight, and nine, and explained why he concluded they did not apply.

Regarding defendant's request for a downgraded sentence, it is well established "the standard governing the downgrading of a defendant's sentence . . . is high." State v. Megargel, 143 N.J. 484, 500 (1996). In Megargel, the Court established a two-part test to justify a sentence downgrade: (1) "[t]he court must be clearly convinced that the mitigating factors substantially outweigh the aggravating ones;'" and (2) "the interest of justice demand[s] a downgraded sentence." Id. at 496 (quoting N.J.S.A. 2C:44-1(f)(2)). In applying this test, "the severity of the crime" is "the most . . . important factor." Id. at 500. Furthermore, "[t]he reasons justifying a downgrade must be 'compelling,' and something in addition to and separate from, the mitigating factors that substantially outweigh the aggravating factors." State v. Rice, 425 N.J. Super. 375, 384 (App. Div. 2012) (quoting Megargel, 143 N.J. at 505).

We decline to second guess the judge's sentencing decision because the evidence supports his determination that no mitigating factors applied. On this record, defendant's sentence was appropriate, consistent with the interests of justice given the severity of the crime, and did not shock the judicial conscience.

14

Additionally, while the State requested defendant be sentenced to seventeen years in prison, subject to NERA, the judge imposed a mid-range sentence of fifteen years. Based on the record as a whole, we discern no abuse of discretion in the sentence imposed by the judge.

III.

We next consider defendant's request that this court exercise original jurisdiction regarding sentencing. We decline to do so.

An appellate court may exercise original jurisdiction to render new findings of fact, reach independent determinations of the facts, and supplement the record on appeal. State v. Jarbath, 114 N.J. 394, 412 (1989); R. 2:10-3. However, "the exercise of appellate original jurisdiction over sentencing should not occur regularly or routinely; . . . a remand to the trial court for resentencing is strongly to be preferred." State v. Bell, 250 N.J. 519, 544-45 (2022) (quoting Jarbath, 114 N.J. at 411).

The exercise of original jurisdiction should be done "sparingly." Jarbath, 114 N.J. at 412. Further, the exercise of original jurisdiction is disfavored if the evidence poses issues of credibility or requires the subjective and intuitive evaluations of a trial court. See State v. Micelli, 215 N.J. 284, 294 (2013). In view of the judge's comprehensive findings, we discern no basis to exercise original jurisdiction.

15

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1542-22