763 A.2d 281 (2000)
335 N.J. Super. 536
STATE of New Jersey, Plaintiff-Appellant,
v.
Thomas ROSS, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued October 24, 2000.
Decided December 6, 2000.
Shepard Kays, Designated Counsel, argued the cause for appellant (Ivelisse Torres, Public Defender, attorney; Mr. Kays, on the brief).
Jordana Jakubovic, Deputy Attorney General, argued the cause for respondent (John J. Farmer, Jr., Attorney General, attorney; Ms. Jakubovic, of counsel and on the brief).
Before Judges STERN, A.A. RODRIGUEZ and FALL.
The opinion of the court was delivered by RODRIGUEZ, A.A., J.A.D.
This appeal has been assigned to this Part pursuant to its designation to consider and resolve questions pertaining to racial profiling or selective enforcement. See State v. Ballard, 331 N.J.Super. 529, 534, 752 A.2d 735 (App.Div.2000). We hold that a racial profiling challenge to a warrantless search of a motor vehicle is preserved for direct appeal even when racial profiling is indirectly raised as a ground for suppression in the trial court.
Following a jury trial, defendant, Thomas Ross, was convicted of first degree possession of cocaine with intent to distribute, N.J.S.A. 2C:35-5a(1) and b(1); and third *282 degree possession of cocaine, N.J.S.A. 2C:35-10a(1). In a simultaneous bench trial, defendant was convicted of the disorderly persons offenses of possession of marijuana, N.J.S.A. 2C:35-10a(4); and possession with intent to use drug paraphernalia, N.J.S.A. 2C:36-2. The judge merged the two indictable convictions and imposed a fifteen-year term with a five-year period of parole ineligibility. He also imposed concurrent ninety-day terms on each disorderly persons offenses.
Defendant appealed to us contending that: (1) the trial court erred in denying his motion to suppress evidence obtained as a result of an illegal automobile stop and search; and (2) the sentence was excessive. While this appeal was pending, the Attorney General released and published on April 20, 1999 the Interim Report of the State Police Review Team Regarding Allegations of Racial Profiling (Interim Report). In light of the Interim Report, defendant moved before us for a remand to reconsider his motion to suppress. We granted the remand.[1]
In the Law Division, defendant moved to obtain discovery regarding his allegation of selective enforcement or racial profiling. The trial court granted this motion.[2] The State moved for leave to appeal. We stayed the Law Division's order and reserved decision on the State's motion for leave to appeal pending the adjudication of this case on direct appeal.[3]
We now: (1) grant the State's motion for leave to appeal the discovery orders for the limited purpose of remanding them to the Designated Judge, Judge Walter R. Barisonek, to reconsider the scope of discovery, in advance of reconsideration of the motion to suppress by the trial court, and (2) affirm defendant's sentence.[4]

I
These are the facts. On August 12, 1995, defendant, his nephew Timothy Ross, and Richard Hairston, were traveling by car, on Route 80 West in the area of Netcong en route to Virginia. The three occupants of the vehicle are African-American. The vehicle was a green BMW which was driven by defendant. At the same time, State Trooper Richard Nardone, who was monitoring westbound traffic from a center median, observed the BMW driving in the left lane, for approximately three quarters of a mile. Nardone noted that the BMW's driver neither activated the blinkers nor attempted to pass another car. Consequently, Nardone stopped the BMW for a traffic violation, failure to keep right. N.J.S.A. 39:4-88a.
Upon pulling over the BMW, Nardone approached and asked defendant for his license and registration. Nardone detected an odor of burnt marijuana emanating from the interior of the car. Suspecting that a crime was being committed, he requested that defendant exit the vehicle. Nardone did a "pat down" search of defendant and discovered "E-Z Wider rolling papers." He also noted that defendant was "extremely nervous ... and failed to keep eye contact." According to Nardone, the other occupants appeared anxious and provided the officer with seemingly inconsistent answers.
Nardone called for back-up and requested defendant's written consent to search his car. Defendant provided written consent. The subsequent search of the BMW yielded two marijuana "roaches" in the driver's side compartment, an eyeglass case with 5.88 grams of marijuana, and a *283 brown paper bag containing 5.06 ounces of cocaine under the driver's seat. A search of defendant's person revealed $900, divided into $100 increments in denominations of $20. Nardone placed the occupants of the BMW under arrest. He issued defendant two summonses, one for failure to keep right, N.J.S.A. 39:4-88a, and the other for driving while in the possession of a controlled dangerous substance, N.J.S.A. 39:4-49.1.

II
We first address the State's motion for leave to appeal from the interlocutory orders of the trial court granting discovery relating to "racial profiling" or selective enforcement issues. The State argues that it will suffer irreparable harm if the discovery order is not reversed at this time because the "decision has the clear capacity to set a dangerous precedent concerning the proper procedure for the preservation of post-trial claims and the evidential application of the [Interim] Report as requisite to a selective enforcement claim." The State also contends that: (a) defendant never properly preserved his claim of selective enforcement and has therefore, waived it; (b) defendant's discovery motion was preempted by the trial court's determination that there was no evidence of selective enforcement; and (c) the trial court erred in determining that the Interim Report by itself was sufficient to establish a colorable claim of "some evidence" of racial profiling in all roadways in New Jersey.
Upon a careful review of governing principles, we conclude that the State has failed to meet its burden that it will suffer irreparable harm if the discovery orders are not reviewed by us at this time. We also conclude that defendant has preserved his claim of selective enforcement, and that the trial court's findings have not preempted its reconsideration of the motion to suppress. Lastly, we note that the State's contention that there was insufficient evidence before the trial court to warrant the entry of the discovery orders, is without merit and does not warrant discussion in a written opinion. R. 2:11-3(e)(2).[5] Based on these conclusions we order that the reconsideration of defendant's motion to suppress should go forward. However, this matter should be transferred to Judge Barisonek to reconsider the scope of the discovery. See Ballard, supra, 331 N.J.Super. at 549, 752 A.2d 735. At the conclusion of Judge Barisonek's discovery review, the matter should be transferred to the Law Division, Morris County for reconsideration of the motion to suppress.
The State argues that the racial profiling issue was not preserved by defendant because he did not expressly raise it as a ground for the suppression of the evidence seized by Trooper Nardone. From our review of the record, we conclude that that is not precisely the case. The issue was raised, although defendant failed to present any evidence of selective enforcement. The trial court observed in the written decision granting discovery, that:
John O. Goins, attorney for co-defendant, Richard Hairston, gave an impassioned argument at [the hearing on the motion to suppress] concerning racial profiling issues which he believed to exist in the enforcement of motor vehicle violations by the New Jersey State Police. The argument was not supported by any evidence or statistical data. Rather Mr. Goins' argument centered on his personal experiences as an African American. Accordingly, while the Court denied the motion for lack of evidence, *284 the issue is deemed timely raised and preserved for appeal. R. 3:10-2(c). See also People v. Goodman, 31 N.Y.2d 262, 269[, 338 N.Y.S.2d 97], 290 N.E.2d 139, 143-144 (1972).
Therefore, the State's argument that the issue was not preserved, is not factually accurate.
Moreover, the State's argument of non-preservation of the racial profiling issue, is presented in the guise of a challenge to the discovery orders. It is a reality a challenge to our decision to grant a remand to reconsider the denial of the motion to suppress. If the issue was not pending before us on direct appeal, we would have no jurisdiction to enter a remand order in order to reconsider it. We obviously disagree with the State's position.

III
The State also contends that the trial court made a previous determination that Officer Nardone had not engaged in racial profiling and that, therefore, any further investigation into the matter is unwarranted. We disagree. The State is correct that the trial court found no evidence to support such a claim. However, the judge's determinations was made before the release of the Interim Report. This court has since held that the information contained in the Interim Report does present a colorable claim of selective enforcement and that there exists a de facto policy of racial profiling within the New Jersey State Police. Ballard, supra, 331 N.J.Super. at 547, 752 A.2d 735. In addition, we held in Ballard that, "The Interim Report deals with the State Police as `an organization.' The Interim Report`s observations and characterizations are not confined to the New Jersey Turnpike or a specific area of the State." Ibid. Because this information was not known and the time that the motion to suppress was denied, the judge's findings with respect to the absence of racial profiling information does not preclude reconsideration of the issue after defendant has an opportunity to conduct discovery.

IV
The first contention on defendant's direct appeal is that the trial court erred by denying his motion to suppress. As discussed above, we will not consider that issue at this time. It will be reviewed after the Law Division decides defendant's motion to reconsider the denial of the suppression motion.

V
Defendant's next contention is that the sentence imposed was excessive because he should have been sentenced as if he had been convicted of a second degree crime. We disagree.
This fifty-seven year old defendant has a history of seven indictable and four disorderly persons convictions. The judge found three of the aggravating factors enumerated in N.J.S.A. 2C:44-1a, i.e. (3) the risk that defendant will commit another offense; (6) the extent of defendant's prior criminal record; and (9) the need for deterrence. The judge found none of the mitigating factors listed in N.J.S.A. 2C:44-1b. Although the judge observed:
I do take into consideration the fact that youyour criminal history is some 20 or 30 years old for the most part, and withso that I think that lessens aggravating factor six in that regard and that you have nohave not had any significant criminal involvement since 1982. And I'm going to utilize that as a mitigation factor here, not as a statutory mitigating factor but the Court does have discretion in that regard.
The judge weighed the sentencing factors and concluded that they were in equipoise. Therefore, the judge imposed the presumptive term for a first degree offense.
We conclude that the sentencing factors identified by the judge are supported by the evidence and are sufficiently weighty as to justify his imposition of a discretionary *285 minimum term pursuant to N.J.S.A. 2C:43-6b. The sentence is in accord with the sentencing guidelines and based on a proper weighing of the factors. State v. O'Donnell, 117 N.J. 210, 215, 564 A.2d 1202 (1989). The sentence does not shock our judicial conscience. State v. Roth, 95 N.J. 334, 365, 471 A.2d 370 (1984).
In summary, the State's motion for leave to appeal the Law Division's discovery orders is granted for the limited purpose of remanding to Judge Barisonek for a reconsideration of the scope of the discovery order. Then the Law Division, Morris County, shall decide the merits of the motion for reconsideration. Defendant's challenge to the denial of his motion to suppress will be addressed by this court, if necessary, upon completion of the Law Division's reconsideration of the motion. Defendant's sentence is affirmed.
NOTES
[1] State v. Thomas Ross, No. M-5845-98 (App. Div. June 4, 1999).
[2] The ruling of the trial court is memorialized in three discovery orders.
[3] State v. Thomas Ross, No. M-2843-99 (App. Div. February 8, 2000).
[4] The Supreme Court issued and Administrative Order on January 31, 2000, which provides in pertinent part that, "Judge Walter R. Barisonek of Union County, Law Division, is hereby designated as the sole judge to whom all motions for discovery raised in racial profiling by the New Jersey State Police shall be directed; ..."
[5] In State v. Ballard, 331 N.J.Super. at 542-43, 752 A.2d 735 , we held that, "[t]he decision of the Law Division in [State v.] Soto, [324 N.J.Super. 66, 734 A.2d 350] [(Law 1996)] the Interim Report, and the lack of any presentation of facts that indicated a change in the policy or practice of the State Police between the Soto decision of March 1996, and the Interim Report of April 1999, leads us to conclude that the threshold has been satisfied." The arrest here occurred in August 1995.