**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0441-18T1

STATE OF NEW JERSEY,

     Plaintiff-Appellant,

v.

JOHN A. DAVEY,

     Defendant-Respondent.

_____

Submitted November 7, 2019 – Decided November 19, 2019

Before Judges Mayer and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 17-11-3156.

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for appellant (Frank J. Ducoat, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

Lorraine S. Gauli-Rufo, attorney for respondent.

PER CURIAM

The State appeals from a September 21, 2018 judgment of conviction directing defendant to serve a five-year probationary sentence on an amended third-degree official misconduct offense, N.J.S.A. 2C:30-2A. That same judgment provided for defendant to serve a five-year probationary term for third-degree theft, N.J.S.A. 2C:20-3A.[1] Defendant was ordered to serve his probationary sentences concurrently. The State challenges the official misconduct sentence, arguing defendant was not entitled to a waiver of the mandatory parole ineligibility period set forth in N.J.S.A. 2C:43-6.5(a). We affirm defendant's convictions but remand this matter for resentencing on the official misconduct sentence only.

On appeal, the State raises the following arguments:

Point I:

The sentencing court erred by granting defendant's motion to waive the mandatory parole ineligibility period required by N.J.S.A. 2C:43-6.5[(a)], and sentencing defendant to probation.

    A.    The High Bar Imposed by N.J.S.A. 2C:43-6.5[(c)] for waiver.

    B.    Defendant Falls Short of Clearing that High Hurdle.

---

[1] The State does not appeal defendant's sentence on the third-degree theft charge.

A-0441-18T1

i. Sentencing Factors.

      Aggravating Factor (3)
      Aggravating Factor (4)
      Aggravating Factor (11)
      Mitigating Factor (7)
      Mitigating Factor (8)
      Mitigating Factor (10)
      Mitigating Factor (11)

ii. The Need to Deter.

iii. Applicable Standard.

We review a judge's sentencing decision under an abuse of discretion standard. State v. Fuentes, 217 N.J. 57, 70 (2014). "[A]ppellate courts are cautioned not to substitute their judgment for those of our sentencing courts." State v. Case, 220 N.J. 49, 65 (2014). (citations omitted).

As directed by the Fuentes Court, we must determine whether:

> (1) the sentencing guidelines were violated; (2) the aggravating and mitigating factors found by the sentencing court were not based upon competent and credible evidence in the record; or (3) "the application of the guidelines to the facts of [the] case makes the sentence clearly unreasonable so as to shock the judicial conscience."
>
> [217 N.J. at 70 (alteration in original) (quoting State v. Roth, 95 N.J. 334, 364-65 (1984).]

Trial judges have broad sentencing discretion if the sentence is based on competent credible evidence and fits within the statutory framework. State v.

Dalziel, 182 N.J. 494, 500 (2005). When sentencing a defendant, judges "first must identify any relevant aggravating and mitigating factors set forth in N.J.S.A. 2C:44-1(a) and (b) that apply to the case." State v. Case, 220 N.J. 49, 64 (2014) (citing State v. Blackmon, 202 N.J. 283, 297 (2010)).

Guided by these principles, we are satisfied the aggravating and mitigating factors found by the sentencing judge were based on competent and reasonably credible evidence in the record. The State's argument to the contrary lacks merit and requires no further discussion. R. 2:11-3(e)(2). Accordingly, we limit our comments to whether the sentencing judge erred in granting defendant a waiver of the parole ineligibility period set forth in N.J.S.A. 2C:43-6.5(a).

Defendant's conviction for an amended third-degree official misconduct offense arises from his forgery of New Jersey Transit tickets and then selling the forged tickets to NJT customers. In his guilty plea to the amended official misconduct charge, he admitted receiving a benefit or depriving another of a benefit valued at $200 or less. In exchange for his guilty plea, the State recommended that defendant be sentenced to a four-year prison term with a two-year period of parole eligibility on the amended official misconduct charge. The State also indicated a willingness to dismiss the remaining counts of the indictment once defendant was sentenced.

A-0441-18T1

Ordinarily, there is a presumption against imprisonment for third-degree offenses where a defendant has no prior criminal history. However, no such presumption exists where a defendant is convicted of third-degree official misconduct.

N.J.S.A. 2C:43-6.5(a) provides, in relevant part:

> [A] person who serves or has served as a public officer or employee under the government of this State, or any political subdivision thereof, who is convicted of a crime that involves or touches such office or employment . . . shall be sentenced to a mandatory minimum term of imprisonment without eligibility for parole as follows . . . for a crime of the third degree, two years . . . . As used in this subsection, "a crime that involves or touches such office or employment" means that the crime was related directly to the person's performance in, or circumstances flowing from, the specific public office or employment held by the person.
>
> [Ibid. (emphasis added).]

Notwithstanding the language set forth in N.J.S.A. 2C:43-6.5(a), the official misconduct statute provides a mechanism for a judge to waive the mandatory minimum term of imprisonment as follows:

> If the court finds by clear and convincing evidence that extraordinary circumstances exist such that imposition of a mandatory minimum term would be a serious injustice which overrides the need to deter such conduct in others, the court may waive or reduce the mandatory minimum term of imprisonment required by subsection

> a. of this section. In making any such finding, the court must state with specificity its reasons for waiving or reducing the mandatory minimum sentence that would otherwise apply.
>
> [N.J.S.A. 2C:43-6.5(c)(2).]

When applying the "serious injustice" standard referenced in N.J.S.A. 2C:43-6.5(c)(2), a trial court should determine "whether the 'extraordinary circumstances' presented by an individual defendant outweigh the legislative determination that the need to deter others from committing certain crimes 'involv[ing] or touch[ing] . . . [public] office or employment' requires imposition of the statutory mandatory minimum." State v. Rice, 425 N.J. Super. 375, 389 (App. Div. 2012) (alterations in original) (quoting N.J.S.A. 2C:43-6.5(a) and (c)(2)). A waiver will be "justified only in 'the extraordinary or extremely unusual case where the human cost of imprisoning a defendant [for the statutory mandatory minimum and] for the sake of deterrence constitutes a serious injustice.'" Ibid. (alteration in original) (quoting State v. Evers, 175 N.J. 355, 392 (2003)).

In considering whether to waive or reduce a mandatory term under N.J.S.A. 2C:43-6.5(a), a court should engage in an analysis similar to the one required by N.J.S.A. 2C:44-1(d), which allows the court to waive a mandatory term for a first- or second-degree offender if it finds that in light of defendant's "character and condition," imprisonment would result in a serious injustice overriding the need of

general deterrence. Rice, 425 N.J. Super. at 386-87. The "serious injustice" standard contained in both statutes requires a showing of extraordinary and unanticipated circumstances. Id. at 386. "[T]he reasons offered to dispel the presumption of imprisonment must be even more compelling than those that might warrant downgrading an offense." Evers, 175 N.J. at 389 (citation omitted).

In Evers, Justice Albin provided guidance to trial judges on addressing the so-called idiosyncratic defendant. In assessing whether a defendant's "character and condition" satisfy the "serious injustice" standard under N.J.S.A. 2C:44-1(d), the Court advised that "a trial court should determine whether there is clear and convincing evidence that there are relevant mitigating factors present to an extraordinary degree and, if so, whether cumulatively, they so greatly exceed any aggravating factors that imprisonment would constitute a serious injustice overriding the need for deterrence." Id. at 393-94. The Court warned that "it is the quality of the factor or factors and their uniqueness in the particular setting that matters." Id. at 394. The Evers Court also noted "demands for deterrence are strengthened in direct proportion to the gravity and harm[ful]ness of the offense and the deliberateness of the offender." Id. at 394 (alteration in original) (quoting State v. Megargel, 143 N.J. 484, 501 (1996)).

A-0441-18T1

The record before us suggests the trial judge understood the proper standard in addressing the waiver of the mandatory parole ineligibility period. The judge considered statements from character witnesses, who asked that defendant not be sentenced to prison. The judge also reviewed numerous letters, including a letter from defendant, requesting leniency. Further, she considered defendant's expressed remorse for his crimes and his offer to pay restitution. In analyzing the aggravating and mitigating factors, she acknowledged defendant's willingness to participate in a community program.

During sentencing, defendant testified he understood that his guilty plea would lead to forfeiture of public employment and this forfeiture "would have implications in terms of pensions and other benefits that would have been available to [him] as part of [his] employment." Defendant affirmed he comprehended these and other consequences flowing from his guilty plea.

After the sentencing judge heard argument regarding defendant's waiver request, she reviewed defendant's personal circumstances. She noted defendant was forty-nine years old and had no criminal or juvenile record. Further, she acknowledged he had worked for NJT for twenty-nine years, was married with two children, had no substance abuse issues and had no history of domestic

8

violence. She stated she "never had so many people speak on behalf of a defendant's character."

The judge also summarized the letters supporting defendant, noting they "[spoke] to Mr. Davey's character and the burden that he would bear if [he] is sentenced to imprisonment." She found defendant would likely be barred from obtaining government employment, that he provided financially for his children, suffered from spinal injuries, required therapy for the injuries and needed additional surgeries. Moreover, the judge was aware from defense counsel's comments that defendant's wife was disabled and had several surgeries scheduled. The trial judge further recognized defendant's children needed "hospital care" for asthma and had other physical ailments "that require not only Mr. Davey be present for them but also for his wife so that she can continue to work and care for the children."

Consistent with the Evers analysis, the judge considered the severity of defendant's crimes (both third-degree offenses) and noted there was "no violence here." Further, she painstakingly addressed numerous aggravating and mitigating factors. The judge found aggravating factors N.J.S.A. 2C:44-1(a)(9), the need to deter, and (10), the offense involved fraudulent or deceptive practices against a department or division of State government. She also found

mitigating factors N.J.S.A. 2C:44-1(b)(6), defendant will compensate the victim or perform community service, (7), no history of prior delinquency or criminal activity, (8), defendant's conduct was the result of activities unlikely to recur, (9), defendant's character and attitude indicates he is unlikely to commit another offense, (10), defendant is likely to respond affirmatively to probationary treatment, and (11), imprisonment of defendant would entail excessive hardship to himself or his dependents.

On her finding of excessive hardship, the judge explained she found this mitigating factor because defendant is "someone who is extremely involved in his family's lives." She added, "this goes above and beyond a simple sentence [causing] a hardship that would be suffered by a parent's incarceration." Additionally, the judge cited other hardships faced by defendant as a result of his criminal conduct. She noted his inability to pay his mortgage, and the humiliation he had caused to himself and others. Ultimately, the judge concluded the mitigating factors substantially outweighed the aggravating factors.

The record reflects the judge clearly enunciated the applicable legal standards to be considered before granting a waiver. She stated:

> The burden [under] N.J.S.A. 2C:43-6.5(c)(2) is by clear and convincing evidence. It requires that the [c]ourt find by clear and convincing evidence that extraordinary circumstances exist that warrant the

A-0441-18T1

waiver pursuant to that statute of the minimum sentence that should be imposed for official misconduct offenses pursuant to N.J.S.A. 2C:43-6.5(a).

The law has established that these circumstances be determined by clear and convincing evidence that extraordinary circumstances exist. Based on the individual defendant [the court must find] that imposition of the statutory minimum would be a serious injustice that overrides the need to deter such conduct. And that's the . . . [State v.] Rice case at 425 N.J. Super. 372 Appellate Division case from [2012] . . . . And, as to the interest of justice, again . . . the factors to be considered in determining whether the character and condition of the defendant is so highly unusual, unique, that imprisonment would be [a] serious injustice overriding the State's paramount concern for [deterrence].

The judge concluded:

As to [deterrence], there's no question that defendant's prosecution in this case will serve as a deterrent to the defendant. It will also serve as a deterrence to others. Even if the defendant does not - - is not sentenced to prison . . . . The statutory mitigating factor to be considered is whether the character and the condition of the defendant is so highly unusual, unique and imprisonment would be a serious injustice which overrides the paramount - - the concern for deterrence . . . . And, these reasons, as I stated, are personal to the defendant but also pertaining to the effect that a sentence of imprisonment would have on his family, on his children. As such, I find that the defendant has met his burden by clear and convincing evidence that extenuating circumstances having regard to character and condition of the defendant require the waiver of the two year mandatory minimum. And, I - - further find

11

that this court is satisfied that his imprisonment would be a serious injustice which overrides the need to deter the conduct of others. I've already indicated that I found that - - the mitigating factors substantially outweigh the aggravating factors.

Following her lengthy analysis, the judge imposed a five-year probationary term for each third-degree offense.

The State concedes the trial judge initially cited the correct standard for allowing a waiver, but argues she then utilized a less stringent standard of "interests of justice" and replaced the "extraordinary circumstances" standard with a "softer 'extenuating circumstances' burden." We are satisfied the sentencing judge used certain terms which are not set forth in the applicable waiver statute. However, based on our thorough review of the sentencing transcript, we cannot conclude the judge intended to deviate from the very standards she enunciated before she granted defendant a waiver of the parole ineligibility period and imposed a probationary sentence, rather than a prison term for his amended official misconduct charge.

Although the record reflects the judge referred to defendant's "extenuating circumstances" and the need to satisfy the "interest of justice," before granting the waiver, it also reflects she discussed the standards of "extraordinary circumstances" and "serious injustice" attendant to a waiver application under

12

N.J.S.A 2C:43-6.5 (c)(2).  Moreover, her analysis involved a discussion of the Evers and Rice cases, further evincing her understanding of the requirements to find defendant was idiosyncratic and deserving of a waiver.

Because the judge referred to standards that differed from what is set forth in N.J.S.A. 2C:43-6.5(c)(2), we are constrained to remand this matter for reconsideration of defendant's sentence.  We observe that the loss of a job, and other financial hardships do not constitute extraordinary and unanticipated circumstances.  Indeed, a conviction for third-degree official misconduct carries with it a presumption of a minimum prison term, so such hardships are a natural, reasonable consequence of a conviction for third-degree official misconduct.

In sum, we affirm defendant's convictions and remand to the trial court to conduct a resentencing within thirty days on the amended official misconduct offense.  The resentencing will afford the trial judge the opportunity to clarify her comments and assess whether defendant's personal circumstances meet the exacting statutory standards for the grant of a waiver, as set forth in N.J.S.A. 2C:43-6.5(c)(2).

At the resentencing, the court should consider all relevant evidence and all relevant sentencing factors as of the day defendant stands before the court. State v. Randolph, 210 N.J. 330, 354 (2012). The sentencing court may consider defendant's conduct and comportment while on probation, whether positive or

negative. Defendant is entitled to bring to the court's attention any rehabilitative or other constructive measures he has taken since he was sentenced. The State, likewise, is not limited in its presentation.

Affirmed in part and remanded for resentencing consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0441-18T1