**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1879-19T1

STATE OF NEW JERSEY,

     Plaintiff-Appellant,

v.

REYNALDO MORERA,

     Defendant-Respondent.

_____

Submitted September 29, 2020 – Decided October 28, 2020

Before Judges Messano and Suter.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 16-04-1200.

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for appellant (Frank J. Ducoat, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

Vincent C. Scoca, attorney for respondent (Robert Carter Pierce, of counsel and on the brief).

PER CURIAM

Pursuant to N.J.S.A. 2C:44-1(d), a sentencing court may "waive the presumption of imprisonment for a first- or second-degree offender when 'having regard to the character and condition of the defendant, it is of the opinion that his imprisonment would be a serious injustice which overrides the need to deter such conduct by others[.]'" State v. Rice, 425 N.J. Super. 375, 386 (App. Div. 2012) (quoting N.J.S.A. 2C:44-1(d)). In addition, when a defendant is convicted of a first- or second-degree crime, "the court may sentence [him or her] to a term appropriate to a crime of one degree lower than that of the crime for which he [or she] was convicted[,]" if "the court is clearly convinced that the mitigating factors substantially outweigh the aggravating factors and where the interest of justice demands[.]" N.J.S.A. 2C:44-1(f)(2). Even if the State agrees to downgrade the charge to a third-degree offense pursuant to N.J.S.A. 2C:43-6(f)(2), "the presumption of imprisonment" contained in N.J.S.A. 2C:44-1(d) still applies. State v. Nance, 228 N.J. 378, 399 n.4 (2017).

An Essex County grand jury indicted defendant Reynaldo Morera for third-degree possession of a controlled dangerous substance (CDS), N.J.S.A. 2C:35-10(a)(1) (count one); and first-degree possession of CDS with intent to distribute, N.J.S.A. 2C:35-5(a)(1) (count two). The charges arose from events that took place on December 9, 2015, when defendant arrived at Newark Liberty

International Airport upon returning from the Dominican Republic. Federal authorities arrested defendant after inspection of two bottles marked "laxative supplement" in his luggage revealed they contained more than one kilogram of cocaine.

In return for defendant's guilty plea, the State agreed to downgrade count two to a second-degree offense, dismiss count one, and recommend a five-year term of imprisonment with no period of parole ineligibility. During the plea colloquy, defendant admitted that he traveled to the Dominican Republic to visit family, and, while there, he agreed to bring back the two bottles, which he knew contained cocaine, and deliver them to someone in Paterson, where defendant resided.

However, at sentencing, defense counsel argued that his fifty-seven-year-old client had been "duped into bringing some cocaine into the country under the guise of it being medication," but once defendant realized it was cocaine, "he went along with the event . . . despite not understanding the impact it could have on his life." Arguing a number of mitigating sentencing factors applied, see N.J.S.A. 2C:43-1(b), and noting defendant's gainful employment and lack of

prior criminal convictions,[1] counsel asked the judge to sentence defendant as a third-degree offender to a "reverse 364," i.e., a non-custodial probationary sentence in which defendant would serve 364 days in jail if he violated probation, or a suspended sentence.

The prosecutor argued that defendant had already received the benefit of the State's decision to downgrade the charge from a first- to second-degree offense. The prosecutor noted that pursuant to N.J.S.A. 2C:44-1(d), a person convicted of a first- or second-degree offense was presumed to receive a sentence of imprisonment unless imprisonment would result in a serious injustice. He asked the court to impose the bargained-for sentence of five years imprisonment with no mandatory period of parole ineligibility.

The judge noted that defendant had always appeared in court as required since his arrest, and she concluded the conviction was an "aberration" in defendant's life. She found aggravating factor nine applied, N.J.S.A. 2C:44-1(a)(9) (the need to deter defendant and others), and mitigating factors six, seven, eight, nine and ten applied. See N.J.S.A. 2C:44-1(b)(6) (defendant has or will compensate the victim or will participate in a program of community

---

[1] The pre-sentence investigation report (PSR) revealed several prior criminal charges which defendant claimed were either dismissed or lodged against someone else, not him.

A-1879-19T1

service); (b)(7) (defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the present offense); (b)(8) (defendant's conduct was the result of circumstances unlikely to recur); (b)(9) (defendant's character and attitude indicate he is unlikely to commit another offense); and (b)(10) (defendant is particularly likely to respond affirmatively to probationary treatment).

The judge concluded that the mitigating factors "substantially outweigh[ed] the aggravating ones," and pursuant to N.J.S.A. 2C:44-1(f), "it [wa]s in the interest of justice that [defendant be] given the opportunity to be sentenced a degree lower, to the third-degree range." Even though she noted that the presumption of imprisonment still applied, citing defendant's lack of criminal history, the judge concluded it was "appropriate" to impose a probationary sentence. The judge sentenced defendant to five years' probation which could be reduced to three years if defendant complied with the terms and conditions of probation. The judge imposed all mandatory fines and penalties, one hundred hours of community service, and ordered defendant to maintain gainful employment and remain arrest and drug free. The State dismissed count one of the indictment.

A-1879-19T1

The sentence was automatically stayed pursuant to N.J.S.A. 2C:44-1(f)(2), which provides, "if the court imposes a noncustodial or probationary sentence upon conviction for a crime of the first[-] or second degree, such sentence shall not become final for [ten] days in order to permit the appeal of such sentence by the prosecution."  The State filed this timely appeal, after which the judge filed a written amplification of her reasons for imposing the probationary sentence.  See R. 2:5-1(b).

The judge cited an article describing the role of "blind mules," i.e., "unknowing couriers" in international drug trafficking operations.  Reiterating the sentencing factors she found prior to imposing probation and turning to N.J.S.A. 2C:44-1(f)(2), the judge wrote "that the mitigating factors substantially outweighed the aggravating factors and in the interest of justice, [defendant] should have been sentenced a degree lower in the third-degree range."  The judge again found that defendant had "no criminal record and had had no involvement with the criminal justice system except for this matter[.]"

Relying on State v. K.S., 220 N.J. 190 (2015), the judge wrote that she did not take into account that defendant was originally indicted for a first-degree offense, or his conviction for a disorderly persons' offense from 1995 because these were not "undisputed facts."  Relying on State v. Jaffe, 220 N.J. 114

(2014), the judge wrote that she viewed defendant as he stood before the court on the day of sentencing, and, therefore, took into consideration that defendant had not reoffended since he was indicted. The judge wrote, "even if the court does take the original charges into consideration, [defendant's] imprisonment would be of such serious injustice based on all of the mitigating factors that the court has considered."

The State contends not only did defendant fail to rebut the presumption of imprisonment that applies to convictions for first- or second-degree crimes, N.J.S.A. 2C:44-1(d), but also that defendant was not entitled to have the second-degree conviction treated as a third-degree offense. We agree with both points, and, therefore, reverse and remand the matter to the trial court for resentencing.

Our review of the sentence imposed by the trial court is usually quite limited. State v. Miller, 205 N.J. 109, 127 (2011). We review the sentence for a mistaken exercise of the judge's discretion. State v. Fuentes, 217 N.J. 57, 70 (2014). "However, 'the deferential standard of review applies only if the trial judge follows the Code and the basic precepts that channel sentencing discretion.'" State v. Trinidad, 241 N.J. 425, 453 (2020) (quoting State v. Case, 220 N.J. 49, 65 (2014)).

A-1879-19T1

We begin by noting "that the two statutes address 'qualitatively different situations,' with N.J.S.A. 2C:44-1d being geared toward the initial determination of whether a defendant will be 'in or out' of prison rather than the length of term scenario confronted by the downgrade provision of N.J.S.A. 2C:44-1f(2)." State v. Lake, 408 N.J. Super. 313, 327 (App. Div. 2009) (quoting State v. Megargel, 143 N.J. 484, 499 (1996)).  "[T]he compelling reasons required to satisfy the interest of justice for a downgrade under N.J.S.A. 2C:44-1f(2) present a 'somewhat lower standard' than the 'truly extraordinary and unanticipated circumstances' required before a 'serious injustice' may be found under N.J.S.A. 2C:44-1d." Ibid. (quoting Megargel, 143 N.J. at 501–02).

"[T]he standard governing downgrading is high." Megargel, 143 N.J. at 500.  It requires the judge to engage in a "two-step process. The judge 'must be clearly convinced that the mitigating factors substantially outweigh the aggravating ones and that the interest of justice demands a downgraded sentence.'" Rice, 425 N.J. Super. at 384 (quoting State v. L.V., 410 N.J. Super. 90, 109 (App. Div. 2009)).  Additionally, "[t]he reasons justifying a downgrade must be 'compelling,' and something in addition to and separate from, the mitigating factors that substantially outweigh the aggravating factors." Ibid. (quoting Megargel, 143 N.J. at 505).

"[B]ecause the focus remains on the offense and not the offender, the surrounding circumstances used as compelling reasons for a downgrade should arise from within the context of the offense itself." Lake, 408 N.J. Super. at 326 (citing Megargel, 143 N.J. at 500-01). The court must "consider the sentence from the perspective of deterrence." Trinidad, 241 N.J. at 454 (citing Megargel, 143 N.J. at 501). The "court should also state why sentencing the defendant to the lowest range of sentencing for the particular offense for which he was convicted, is not a more appropriate sentence than a downgraded sentence[.]" Megargel, 143 N.J. at 502.

Here, the judge engaged in the two-step process required, and, she concluded that the mitigating sentencing factors substantially outweighed the aggravating ones. However, in considering the "interest of justice" standard, the judge did not focus on the offense. She did not explain the compelling reasons why, for example, sentencing defendant at the lowest range for a second-degree offense, which was the State's recommendation, was inappropriate.

Rather, the judge explained her reasons for a downgrade by focusing entirely upon defendant's lack of any serious criminal record, his stable employment, and his timeliness when required to be in court. The "interest of justice" prong cannot be based on "circumstances such as a defendant's overall

character or contributions to the community[.]" Rice, 425 N.J. Super. at 385; see also State v. Locane, 454 N.J. Super. 98, 110 (App. Div. 2018) (citing "black-letter law that the focus of the downgrade decision must be the severity of the crime, not defendant's personal circumstances"). Although the judge referenced the role of unwitting "mules" in the international drug trade, defendant's allocution under oath when he pled guilty belied any claim that he lacked full awareness of his role in transporting more than one kilogram of cocaine into this country and delivering it to a specific person. In short, the judge's decision to downgrade the offense was a mistaken exercise of her discretion.

"The downgrading of an offense is not a prerequisite to finding that the presumption of imprisonment for a first- or second-degree conviction has been overcome." State v. Evers, 175 N.J. 355, 389 (2003) (citing State v. Jarbath, 114 N.J. 394, 413 (1989)). The court's discretion to impose a sentence other than imprisonment upon conviction of a first- or second degree crime "may be legitimately exercised in those 'truly extraordinary and unanticipated' cases where the 'human cost' of punishing a particular defendant to deter others from committing his offense would be 'too great.'" Ibid. (quoting State v. Rivera, 124 N.J. 122, 125 (1991)). In Evers, the Court noted that as of the date of its

10

decision, this exacting standard had only been met in one case, <u>Jarbath</u>. 175 N.J. at 389; <u>see also</u> <u>State v. Soricelli</u>, 156 N.J. 525, 533 (1999) (stating the Court has "regularly . . . declined to find circumstances sufficient to constitute 'serious injustice' that would overcome the presumption of incarceration"). Our research has revealed no other decision by the Court or any reported decision from this court since <u>Evers</u> that found the defendant was entitled to this extraordinary relief.

Here, the judge certainly explained what facets of defendant's "character and condition" influenced her decision not to impose a custodial term. N.J.S.A. 2C:44-1(d). However, as the Court has explained,

> defendant's status as a first-time offender, 'family man,' 'breadwinner,' and esteemed member of the community, however commendable and worthy of consideration in deciding the length of his term of incarceration, is not so extraordinary as to alter the conclusion that his imprisonment would not constitute a serious injustice overriding the need for deterrence.
>
> [<u>Evers</u>, 175 N.J. at 400.]

Simply put, the judge failed to explain what were the "truly extraordinary and unanticipated circumstances" present that justified the necessary statutory conclusion, i.e., defendant's incarceration would be a serious injustice that

outweighed the need to deter others from trying to import a significant amount of cocaine into this country. Megargel, 143 N.J. at 501.

We are mindful that defendant committed this crime more than five years ago and was sentenced nearly one year ago. Defendant is entitled to have the judge assess him as he stands before the court at the time of re-sentencing. State v. Randolph, 210 N.J. 330, 351 (2012). We therefore decline the opportunity to exercise original jurisdiction and order the court to impose a specific sentence. We vacate the judgment of conviction in this case and remand the matter to the trial court for resentencing consistent with the principles discussed in this opinion.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1879-19T1