**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2752-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ANTWON MCGRIFF, a/k/a
ANTWON D. MCGRIFF,

    Defendant-Appellant.

_____

Submitted October 9, 2024 – Decided October 30, 2024

Before Judges Gooden Brown and Chase.

On appeal from the Superior Court of New Jersey, Law Division, Cumberland County, Indictment No. 17-08-0789.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Jack L. Weinberg, Designated Counsel, on the briefs).

Jennifer Webb-McRae, Cumberland County Prosecutor, attorney for respondent (Kimberly P. Will, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Antwon McGriff appeals from the March 22, 2023, Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

The procedural history and underlying facts concerning the offenses involved in this matter are set forth at length in our prior opinion on defendant's direct appeal in which we affirmed his convictions and sentence for simple assault and weapons possession charges. See State v. McGriff, No. A-2573-18 (App. Div. Apr. 27, 2021), certif. denied, 248 N.J. 249 (2021).

We briefly reiterate the salient facts pertinent to this appeal:

> On August 30, 2017, defendant was charged in a seven-count indictment with first-degree attempted murder, N.J.S.A. 2C:5-1(a)(1) and 2C:11-3(a)(1) (count one); second-, third-, and fourth-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1), (2), and (4) (counts two, three, and four, respectively); third-degree endangering an injured victim, N.J.S.A. 2C:12-1.2(a) (count five); second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b) (count six); and second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a) (count seven). The trial court dismissed counts three and five on the State's motion prior to trial.
>
> The charges stemmed from the non-fatal shooting of defendant's neighbor. During the seven-day jury trial beginning on October 24, 2018, the parties presented conflicting scenarios surrounding the circumstances of the shooting. The neighbor testified that defendant intentionally shot him because he owed defendant

money for marijuana. In his statement to police, defendant admitted threatening his neighbor with a gun to scare him but claimed the gun accidentally discharged. According to defendant, his actions were prompted by the neighbor pointing a gun at his home the night before, while defendant's children were present, and running off before defendant could confront him.

A jury convicted defendant of the weapon possession offenses (counts six and seven), and simple assault as a lesser included offense of count two. He was acquitted of the remaining charges. During the trial, both sides presented evidence that defendant, the victim, and the victim's stepfather who witnessed the shooting gave inconsistent statements. To that end, the State presented a letter signed by the victim recanting his identification of defendant as the shooter. Although the victim repudiated the content of the letter at trial, he admitted signing the letter in exchange for money offered by defendant's friend. At sentencing, defendant received an aggregate extended term of sixteen years' imprisonment, with an eight-year period of parole ineligibility.

[Id., slip op. at 2-3.]

Defendant filed a timely PCR petition which was later supplemented by assigned counsel raising various claims of ineffective assistance of counsel (IAC) at the trial and appellate levels. In his petition, defendant asserted his trial counsel was ineffective by: (1) failing to object to the introduction of the recantation letter and the victim's testimony that defendant was a drug dealer; (2) comparing defendant to Whitey Bulger, a notorious organized crime boss,

during closing arguments; (3) failing to file a motion to suppress his statement; (4) committing cumulative error; and (5) failing to challenge the imposition of a discretionary extended term sentence and argue for the least severe sentence. He also argued his appellate counsel was ineffective, citing some of the same reasons asserted in his trial counsel IAC claim.

Following oral argument, the PCR judge rejected each of defendant's claims in a comprehensive and well-reasoned twenty-nine-page written decision. In his decision, the judge reviewed the case, applied the governing legal principles, and concluded defendant failed to establish a prima facie claim of IAC. The judge also determined defendant was not entitled to an evidentiary hearing. This appeal followed.

On appeal, defendant raises the following points for our consideration:

POINT I

THE DEFENDANT IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIMS OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL FOR FAILING TO OBJECT TO THE INTRODUCTION OF A HIGHLY PREJUDICIAL LETTER AND TESTIMONY, FOR MAKING AN INAPPROPRIATE COMPARISON TO A NOTORIOUS CRIMINAL MASTERMIND, FOR FAILING TO FILE A MOTION TO SUPPRESS, FOR FAILING TO ARGUE CUMULATIVE ERROR, AND FOR INEFFECTIVELY CHALLENGING THE IMPOSITION OF THE DISCRETIONARY

4

EXTENDED TERM SENTENCE. ULTIMATELY, THE PCR COURT ERRED WHEN IT DENIED THE PETITION.

POINT II

THE DEFENDANT RECEIVED THE INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL.

We begin by setting out some guideposts that inform our review. "We review the legal conclusions of a PCR judge de novo." State v. Reevey, 417 N.J. Super. 134, 146 (App. Div. 2010). "[W]e review under the abuse of discretion standard the PCR court's determination to proceed without an evidentiary hearing." State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013). "If the court perceives that holding an evidentiary hearing will not aid the court's analysis of whether the defendant is entitled to [PCR], . . . then an evidentiary hearing need not be granted." State v. Marshall, 148 N.J. 89, 158 (1997) (citations omitted). "[W]here . . . no evidentiary hearing was conducted," as here, "we may review the factual inferences the [trial] court has drawn from the documentary record de novo." State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016) (citing State v. Harris, 181 N.J. 391, 420-21 (2004)).

An evidentiary hearing is only required when (1) a defendant establishes "a prima facie case in support of [PCR]," (2) the court determines that there are "material issues of disputed fact that cannot be resolved by reference to the

5

existing record," and (3) the court determines that "an evidentiary hearing is necessary to resolve the claims" asserted. State v. Porter, 216 N.J. 343, 354 (2013) (alteration in original) (quoting R. 3:22-10(b)); see R. 3:22-10(e)(2) (providing "[a] court shall not grant an evidentiary hearing . . . if the defendant's allegations are too vague, conclusory or speculative"). "To establish a prima facie case, defendant must demonstrate a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits." R. 3:22-10(b).

As to trial counsel, to establish a prima facie IAC claim, a defendant must demonstrate "by a preponderance of the credible evidence," State v. Echols, 199 N.J. 344, 357 (2009), that his or her attorney's performance fell below the objective standard of reasonableness set forth in Strickland v. Washington, 466 U.S. 668, 687-88 (1984), and adopted in State v. Fritz, 105 N.J. 42, 49-58 (1987), and that the outcome would have been different without the purported deficient performance. Stated differently, a defendant must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. Strickland, 466 U.S. at 687; Fritz, 105 N.J. at 58.

To satisfy the first prong, a defendant must "show[] that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the

6

defendant by the Sixth Amendment" and "that counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 687-88. "[I]n making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." Id. at 689. As such, a defendant "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Ibid. (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).

To satisfy the prejudice prong, "[t]he error committed must be so serious as to undermine the court's confidence in the jury's verdict or result reached." State v. Chew, 179 N.J. 186, 204 (2004) (citing Strickland, 466 U.S. at 694). This prong generally requires that a defendant establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

The same Strickland/Fritz standard applies to claims of ineffective assistance of appellate counsel. State v. Gaither, 396 N.J. Super. 508, 513 (App. Div. 2007). However, "a defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue that defendant requests on appeal." Id. at 515 (citing Jones v. Barnes, 463 U.S. 745, 753-54 (1983)).

Instead, appellate counsel may "winnow[] out weaker arguments on appeal and focus[] on one central issue if possible, or at most on a few key issues." Jones, 463 U.S. at 751-52. To that end, appellate counsel must "examine the record with a view to selecting the most promising issues for review." Id. at 752. "Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." Smith v. Robbins, 528 U.S. 259, 288 (2000) (quoting Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986)).

Failure to meet either prong of the two-pronged Strickland/Fritz test results in the denial of a petition for PCR. State v. Parker, 212 N.J. 269, 280 (2012) (citing Echols, 199 N.J. at 358). That said, "courts are permitted leeway to choose to examine first whether a defendant has been prejudiced, and if not, to dismiss the claim without determining whether counsel's performance was constitutionally deficient." State v. Gaitan, 209 N.J. 339, 350 (2012) (citation omitted) (citing Strickland, 466 U.S. at 697).

A defendant seeking PCR must also overcome procedural hurdles.

> "Because post-conviction relief is not a substitute for direct appeal and because of the public policy 'to promote finality in judicial proceedings,' our rules provide various procedural bars." [Echols, 199 N.J. at 357] (citations omitted) (quoting State v. McQuaid, 147 N.J. 464, 483 (1997)).

A-2752-22

"[A] petitioner may be barred from relief if the petitioner could have raised the issue on direct appeal but failed to do so, Rule 3:22-4[, or] the issue was previously decided on direct appeal, Rule 3:22-5[.]" Ibid.

[State v. Peoples, 446 N.J. Super. 245, 254 (App. Div. 2016) (first alteration added).]

"Although our rules provide for certain exceptions to these general rules, we have emphasized that it is important to adhere to our procedural bars." Echols, 199 N.J. at 357.

Applying these principles, we reject defendant's contentions that he received IAC either at the trial or appellate level. Defendant maintains his trial attorney was ineffective for not objecting to the recantation letter and the victim's testimony that defendant was a drug dealer. We rejected a substantially similar argument in defendant's direct appeal, stating:

> Regardless of whether an appropriate objection would have led to the exclusion of the evidence or the giving of limiting instructions, we are satisfied that given the strength of the evidence against defendant, any error was not of "sufficient [magnitude] to raise a reasonable doubt as to whether [it] led the jury to a result it otherwise might not have reached." [State v. Macon, 57 N.J. 325, 336 (1971).]
>
> To support our conclusion, we rely on the fact that defendant was acquitted of the most serious charge and convicted of simple assault and two weapon possession offenses which were established by

9

defendant's incriminating statement to police as well as the defense theory at trial. Indeed, in his statement, defendant admitted that he attempted to scare [the victim] with a handgun in retaliation for [the victim] threatening his family with a sawed-off shotgun over an unpaid mechanic's bill. However, the gun discharged accidentally, injuring [the victim]. In summations, defense counsel reiterated that [the victim] instigated the confrontation and defendant was "protect[ing] himself" and "his family" when he "rightly or wrongly had a handgun" that "malfunction[ed]" and accidentally discharged when he "bang[ed] th[e] gun against the [car] window." The verdict in this respect was consistent with defendant's account rather than the State's version of an unprovoked, pre-meditated intentional attempt to murder [the victim].

[McGriff, slip op. at 12-13 (third, fourth, fifth, sixth, and twelfth alterations added).]

Because defendant unsuccessfully raised virtually the same argument in his direct appeal as he did in his PCR petition, his petition is barred by Rule 3:22-5. Rule 3:22-5 states that "[a] prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding brought pursuant to this rule . . . or in any appeal taken from such proceedings." Thus, Rule 3:22-5 bars consideration of a contention presented in a PCR petition "if the issue raised is identical or substantially equivalent to that adjudicated previously on direct

appeal." Marshall, 148 N.J. at 150 (quoting State v. Bontempo, 170 N.J. Super. 220, 234 (Cnty. Ct. 1979)).

For the same reason, we reject defendant's claim that his trial attorney was ineffective because he failed to make certain sentencing arguments. In defendant's direct appeal, we conducted a comprehensive analysis of defendant's extended term sentence, rejected each challenge as baseless and unsupported by the record, and found no abuse of discretion or misapplication of the guidelines in the sentencing decision.[1] McGriff, slip op. at 21-28. PCR "is neither a substitute for direct appeal, Rule 3:22-3, nor an opportunity to relitigate matters already decided on the merits, Rule 3:22-5." State v. Afanador, 151 N.J. 41, 50 (1997). "Further, PCR cannot be used to circumvent issues that could have, but were not raised on appeal, unless the circumstances fall within one of three exceptions[,]" none of which apply here. Ibid. (emphasis omitted) (citing R. 3:22-4).

---

[1] Crucial to defendant's sentencing IAC argument is his belief that both his trial and appellate counsel failed to challenge the sentencing judge's violation of State v. K.S., 220 N.J. 190, 199 (2015), when the judge considered defendant's past arrests during the sentencing analysis. However, "[a]dult arrests that do not result in convictions may be 'relevant to the character of the sentence . . . imposed.'" State v. Watson, 472 N.J. Super. 381, 510 (App. Div. 2022) (alterations in original) (quoting State v. Rice, 425 N.J. Super. 375, 382 (App. Div. 2012)), rev'd on other grounds, 254 N.J. 558 (2023).

We also reject as unsupported defendant's argument that his trial attorney was ineffective by failing to file a motion to suppress his statement.[2]  A prima facie IAC claim must be supported by "specific facts and evidence supporting [defendant's] allegations."  Porter, 216 N.J. at 355.  Allegations that are "too vague, conclusory, or speculative" will not suffice.  Ibid. (quoting Marshall, 148 N.J. at 158).

Indeed,

> [i]n order to establish a prima facie claim, a petitioner must do more than make bald assertions that he was denied the effective assistance of counsel.  He must allege facts sufficient to demonstrate counsel's alleged substandard performance.  Thus, when a petitioner claims his trial attorney inadequately investigated his case, he must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification.
>
> [Ibid. (quoting State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999)).]

Here, as the PCR judge pointed out,

> [defendant] baldly asserts trial counsel should have filed a motion to suppress.  There is no explanation, no evidence, no corroboration provided as to why.  It is [defendant's] own speculation that not filing this motion fell below the requisite standard of

---

[2]  Even defendant acknowledges that the statements allowed him "to present his version of what occurred without subjecting him to cross-examination."

professionalism required of attorneys. Likewise, even when viewing [defendant's] argument most favorably to him, there is still a lack of support. No support exists as to whether these statements were obtained by the police improperly or whether they violated any other rules. . . . And . . . . [defendant] does not explain to this court why failing to file this motion caused him unfair prejudice.

Additionally, we reject defendant's contention that his attorney comparing him to Whitey Bulger, a notorious organized crime boss, during closing arguments constitutes IAC. First, defense counsel did not compare defendant to Whitey Bulger. Instead, in an attempt to explain defendant's initial failure to report the victim's conduct the night before the shooting to the police, defense counsel commented how snitching is not condoned in the streets and used Whitey Bulger's experience to make the point. Second, even if the comment constituted deficient performance, which we doubt given the verdict, defendant cannot establish the prejudice prong. Indeed, the second prong of the Strickland/Fritz test "is an exacting standard," State v. Allegro, 193 N.J. 352, 367 (2008), and "[t]he error committed must be so serious as to undermine the court's confidence in the jury's verdict or the result reached," ibid. (alteration in

original) (quoting State v. Castagna, 187 N.J. 293, 315 (2006)). No such showing has been made here.[3]

Regarding defendant's cumulative error claim and IAC arguments specifically directed at his appellate counsel,[4] the arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3] We acknowledge that the PCR judge mistakenly attributed the comment to the prosecutor but we review "the documentary record de novo." Blake, 444 N.J. Super. at 294.

[4] In arguing that his appellate counsel was ineffective, defendant reprises his Whitey Bulger and sentencing IAC arguments. However, the former is barred by defendant's failure to show prejudice and the latter is belied by the record.